Román D. Hernández (WSBA 39939)
rhernandez@cablehuston.com
**Cable Huston LLP**
1455 SW Broadway, Suite 1500
Portland, OR 97201-3412
Tel: 503-224-9548
Fax: 503-224-3176

Attorneys for Interactive Memories, Inc.

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE WESTERN DISTRICT OF WASHINGTON**

**AT SEATTLE**

| | |
|---|---|
| JOSEPH KELLEY, individual and on behalf of all others similar situated,<br><br>Plaintiff,<br><br>v.<br><br>INTERACTIVE MEMORIES, INC. d/b/a MIXBOOK,<br><br>Defendant. | Case No. ______<br><br>NOTICE OF REMOVAL<br><br>DEMAND FOR JURY TRIAL |

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant Interactive Memories, Inc. ("Interactive Memories") hereby removes and gives notice of the removal of the above-styled action from the Superior Court of the State of Washington, County of King, to the United States District Court for the Western District of Washington. In support of removal, Interactive Memories states further:

## I. Introduction

1. Through its website, www.mixbook.com, Interactive Memories enables its customers to upload photographs and design and print photo books to help people connect through their stories and shared memories.

2. Plaintiff filed a "CLASS ACTION COMPLAINT" and alleges that he received emails from Interactive Memories that promoted "made up discounts" and alleges that the discounts were "false and misleading." Ex. A, Compl. at 1 & ¶ 5.

3. Plaintiff filed this action in the Superior Court of the State of Washington, County of King, on September 16, 2025, and attempted service via a corporate process server, which transmitted the complaint to Mixbook on October 3, 2025.

4. Plaintiff lists Interactive Memories as the sole defendant. *Id.* ¶ 8.

5. Plaintiff alleges individual and class action claims pursuant to Washington's Commercial Electronic Mail Act and the Washington Consumer Protection Act. *Id.* ¶¶ 50-80.

6. Plaintiff seeks to certify a class action for "all Washington residents who received promotional emails from Mixbook with subject lines advertising sales or discounts on Mixbook Products." *Id.* ¶ 42.

7. Because complete diversity of citizenship exists among the parties and the matter in controversy as alleged would exceed $75,000, the Court has original jurisdiction over the case pursuant to 28 U.S.C. § 1332(a).

## II. JURISDICTIONAL BASES FOR REMOVAL

### A. Complete Diversity

8. Plaintiff alleges that he is a Washington resident and domiciled in Woodinville, Washington. *Id.* ¶¶ 5-6. He is thus a citizen of Washington.

9. A corporation is a citizen of the state where it is incorporated and of the state where it maintains its principal place of business. 28 U.S.C. § 1332(c)(1).

10. Interactive Memories is, at the time of removal, and was, at the time this action was initiated, a Delaware corporation with its principal place of business in California. Interactive Memories is therefore a citizen of California and Delaware for purposes of diversity jurisdiction.

### B. The Amount in Controversy Exceeds $75,000

11. "[T]he amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of defendant's liability." *Lewis v. Verizon Comm., Inc.*, 627 F.3d 395, 400 (9th Cir. 2010). A notice of removal "need include only a plausible allegation that the amount

in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operation Co., LLC v. Owens,* 135 S. Ct. 547, 554 (2014). The removing party's burden in alleging the existence of federal jurisdiction "is no greater than is required to establish federal jurisdiction as alleged in a complaint." *Ellenburg v. Spartan Motors Chassis, Inc.,* 519 F.3d 192, 200 (4th Cir. 2008).

12. A district court applies its "judicial experience" and "common sense" in "discerning whether the allegations in a complaint facially establish" the jurisdictional amount. *Roe v. Michelin North America, Inc.,* 613 F.3d 1058, 1062-63 (11th Cir. 2010).

13. The amount in controversy "is not measured by the low end of an open-ended claim, but rather by a reasonable reading of the value of the rights being litigated." *Angus v. Shiley Inc.*, 989 F.2d 142, 146 (3d Cir. 1993).

14. "A removing party need not show that the plaintiff will *prevail* or collect more than $75,000 if he does. The burden, rather, is to show what the plaintiff hopes to get out of the litigation; if this exceeds the jurisdictional amount, then the case proceeds in federal court unless a rule of law will keep the award under the threshold." *Rising-Moore v. Red Roof Inns, Inc.*, 435 F.3d 813, 816 (7th Cir. 2006) (emphasis original).

15. Plaintiff in his Class Action Complaint demands actual damages, statutory damages, treble damages, punitive damages, pre- and post-judgment interest, attorneys' fees, costs and expenses, and any additional relief the Court may deem reasonable and just. (Compl. at 19-20.) Plaintiff makes these demands purportedly on behalf of a class of "all Washington residents" who allegedly received certain promotional emails from Mixbook. Compl. ¶ 42.

16. Based on the nature of this class action and Plaintiff's alleged injuries, Interactive Memories avers that the matter in controversy exceeds $75,000, exclusive of interest and costs.

17. Removal is thus proper because this Court has original jurisdiction over this action, as there is complete diversity of citizenship between Plaintiff and Interactive Memories and the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. §§ 1332 (a)(1), 1441(a).

///

///

## III. ALL PROCEDURAL REQUIREMENTS OF REMOVAL HAVE BEEN SATISFIED

18. Generally, a Notice of Removal must be filed within 30 days after the receipt by defendant of the initial pleading. *Id.* § 1446 (b)(1). The U.S. Supreme Court has clarified that the 30-day period does not begin to run until the plaintiff has effectuated formal service of process. *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354, (1999).

19. Plaintiff's Class Action Complaint was filed in the Superior Court of the State of Washington, County of King, on September 16, 2025, and Plaintiff attempted service via a corporate process server, which transmitted the complaint to Mixbook on October 3, 2025. (*See* Ex. B, CSC Notice.)

20. Contemporaneous with the filing of this Notice of Removal, Interactive Memories will give written notice thereof to all adverse parties and will file a copy of this Notice of Removal with the Clerk of the Superior Court of California, County of King. 28 U.S.C. § 1446(d).

21. Interactive Memories' Disclosure Statement Forms are being filed concurrently with this Notice of Removal, in accordance with Rule 7.1 of the Federal Rules of Civil Procedure. (*See* Ex. C, Interactive Memories Disclosure Statement.)

22. Attached hereto as Exhibit D is the Civil Docket Report reflecting filings in the underlying state court action.

23. Copies of all documents appearing on the underlying state court action are collectively attached hereto as Exhibit E.

24. A copy of all process, pleadings, and orders sent to Interactive Memories in the underlying action is attached hereto as Exhibit F.

25. This action is properly removed to the United States District Court for the Western District of Washington because the case was originally filed in the Superior Court of Washington, County of King, which lies geographically within this judicial district. 28 U.S.C. §§ 128(b), 1441(a).

26. No previous application has been made for the relief requested in this removal.

27. Thus, all procedural elements for removal have been satisfied.

## IV. Reservations and Request for Oral Argument

28. If any question arises as to the propriety of the removal of this action, Interactive Memories respectfully requests the opportunity to present a brief, evidence, and oral argument in support of their position that this case is removable.

29. Nothing in this Notice of Removal shall be interpreted as a waiver, estoppel, preclusion, or relinquishment of Interactive Memories' ability or right to assert any claim, counterclaim, crossclaim, third-party claim, defense, or affirmative matter, including, but not limited to, (1) lack of personal jurisdiction; (2) improper venue; (3) insufficiency of process; (4) insufficiency and/or failure of service of process; (5) improper joinder of claims and/or parties; (6) failure to state a claim; (7) failure to join an indispensable party; (8) standing; (9) waiver; (10) failure to exhaust administrative remedies; or (11) any other pertinent claim or defense available under Rule 12 of the Federal Rules of Civil Procedure, any state or federal statute, or otherwise.

## V. Jury Demand

30. Interactive Memories demands a trial by jury on all issues so triable.

Dated: October 17, 2025

CABLE HUSTON LLP

By: s/ Román D. Hernández

Román D. Hernández (WSBA 39939)
rhernandez@cablehuston.com
1455 SW Broadway, Suite 1500
Portland, OR 97201-3412
Tel: 503-224-3092
Fax: 503-224-3176

*Attorneys for Interactive Memories, Inc.*

# EXHIBIT A

FILED
2025 SEP 16 02:45 PM
KING COUNTY
SUPERIOR COURT CLERK
E-FILED
CASE #: 25-2-26946-9 SEA

SUPERIOR COURT OF THE STATE OF WASHINGTON
KING COUNTY

| | |
|---|---|
| JOSEPH KELLEY, individually and on behalf of all others similarly situated,<br><br>*Plaintiff,*<br><br>vs.<br><br>INTERACTIVE MEMORIES, INC. d/b/a MIXBOOK,<br><br>*Defendant.* | Case No.<br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY DEMAND** |



Dovel & Luner, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, CA 90401
(310) 656-7066

## Table of Contents

I. Introduction. .......... 1
II. Parties. .......... 1
III. Jurisdiction and Venue. .......... 2
IV. Facts. .......... 2
A. Mixbook advertises fictitious, supposedly time-limited discounts on its website. .......... 2
B. Mixbook sends false and misleading emails to promote its fake sales .......... 7
C. No adequate remedy at law. .......... 14
V. Class action allegations. .......... 15
VI. Claims .......... 16
Count 1: Violations of Washington's Commercial Electronic Mail Act (By Plaintiff and the Class) .......... 16
Count 2: Violations of the Washington Consumer Protection Act via misleading emails .......... 18
VII. Jury Demand. .......... 19
VIII. Prayer for Relief. .......... 19



Dovel & Luner, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, CA 90401
(310) 656-7066

## I. Introduction.

1. Deceptive marketing emails plague consumers' inboxes. To put an end to this, the Washington legislature enacted the Washington Commercial Electronic Mail Act ("CEMA"), RCW 19.190. CEMA prohibits any person from sending a commercial email with a false or misleading subject line. RCW 19.190.020.

2. Defendant Interactive Memories, Inc. ("Defendant" or "Mixbook") manufactures, distributes, markets, and sells personalized photo books, calendars, cards, and home décor online through the Mixbook brand and website, www.mixbook.com ("Mixbook Products" or "Products").

3. Defendant's website advertises discounts off of the regular prices for its Products. And Defendant sends commercial emails to Washington residents with subject lines promoting these discounts, for example, "Up to 45% OFF ends tomorrow!"

4. Defendant's advertised discounts, however, are made up. Unlike legitimate discounts—where the seller offers a special, lower-than-usual price for a limited period of time—Defendant's discounts persist continuously. On any given day, steep discounts off of Defendant's supposed list prices are always available. As a result, Defendant's advertised regular prices, advertised discounts, and advertised expiration dates are all false and misleading. And so—when Defendant puts these false and misleading advertisements in the subject line of an email, Defendant violates CEMA (as well as Washington's Consumer Protection Act or "CPA"). *Brown v. Old Navy LLC*, 567 P.3d 38 (Wash. 2025).

5. Plaintiff is a Washington resident who received emails from Mixbook promoting Defendant's made up discounts in the subject line. Plaintiff brings this case to protect Washington residents from Mixbook's false and misleading emails about its purported discounts.

## II. Parties.

6. Plaintiff Joseph Kelley is domiciled in Woodinville, Washington.

7. The proposed class includes citizens of Washington.

8. Defendant Interactive Memories, Inc. is a Delaware company with its principal place of business at 2000 Broadway Street, Redwood City, CA 94063.



Dovel & Luner, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, CA 90401
(310) 656-7066

## III. Jurisdiction and Venue.

9. This Court has subject matter jurisdiction under the Washington State Constitution, which sets forth the jurisdiction of Washington Superior Courts. This Court also has subject matter jurisdiction under the Consumer Protection Act ("CPA"), RCW 19.86.090, and the Commercial Electronic Mail Act ("CEMA"), RCW 19.190.090, which give Washington Superior Courts jurisdiction over claims brought under CEMA and the CPA.

10. This Court has personal jurisdiction over Defendant under RCW 4.28.185. Defendant transacts business in Washington. The claims giving rise to this action arise from Defendant's transaction of business in this state and also Defendant's purposeful transmission of electronic mail messages to Washington residents. This Court also has personal jurisdiction over Defendant under RCW 19.86.160 because Defendant has engaged in conduct in violation of the CPA that has had an impact in Washington.

11. Venue is proper in King County Superior Court because Defendant resides here for purposes of venue. RCW 4.12.025. At all relevant times, Defendant has transacted business in King County, including by selling products to customers living in King County and by sending electronic mail messages to residents of King County, including to Plaintiff.

## IV. Facts.

### A. Mixbook advertises fictitious, supposedly time-limited discounts on its website.

12. Mixbook manufactures, distributes, markets, and sells personalized photo books, calendars, cards, and home décor. Mixbook sells its Products directly to consumers online, through its website, www.mixbook.com.

13. At any given time, on its website, Defendant advertises steep discounts on its Products. These advertisements offer significant discounts sitewide alongside a supposed end date of the discount. Reasonable consumers reasonably interpret Defendant's advertisements to mean that if they buy now, they will be getting a discount from the prices that Defendant usually charges for its Products. Defendant advertises these discounts extensively: on a banner at the top of its website pages; in a large



Dovel & Luner, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, CA 90401
(310) 656-7066

banner image on its homepage; on its product pages, shopping cart, and during checkout. Example screenshots are provided on the following pages:




*Captured March 7, 2023*[1]




*Captured August 19, 2023*




*Captured March 14, 2024*




*Captured September 25, 2024*




*Captured October 22, 2024*

---

[1] The Internet Archive's Wayback Machine identifies this screenshot as having been taken on March 7, 2023 even though the advertisement is listed as ending on March 6, 2023.



Dovel & Luner, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, CA 90401
(310) 656-7066




*Captured November 9, 2024*




*Captured July 3, 2025*




*Shopping Cart*



Dovel & Luner, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, CA 90401
(310) 656-7066




*Checkout*

14. In truth, however, Defendant's discounts do not expire. Immediately after each purportedly time-limited sale ends, Defendant either extends the same discount, or replaces it with a substantially similar discount with a new expiration date.

15. For example, on July 9, 2024, Defendant advertised a purportedly time-limited sale (up to 45% off) that "Ends: 07/10":




16. On July 11, 2024, however, Defendant advertised the same sale, this time one that supposedly "Ends: 07/15":




17. To confirm that Defendant always offers discounts off purported regular prices, Plaintiff's counsel performed an investigation of Defendant's advertising practices using the Internet Archive's Wayback Machine (available at www.archive.org).[2] That investigation confirms that

[2] The Internet Archive, available at archive.org, is a library that archives web pages. https://archive.org/about/.

Defendant's sales are always available. Counsel collected 58 randomly selected screenshots of Defendant's website, www.mixbook.com, from the Internet Archive's Wayback Machine, from 2023-2025. Counsel also collected screenshots directly from Defendant's website in 2025 from 49 different days. A review of these screenshots confirmed that Defendant's sales have persisted continuously for years. On every single day for which counsel reviewed Defendant's website, Defendant advertised a sitewide discount.

18. The vast majority of the time, Defendant's advertised discounts apply to everything or "almost everything" sold on Defendant's website, with no minimum purchase.[3] A small minority of the time, the sitewide sales advertised on the home page require a minimum purchase, usually $49. The list prices for Defendant's Products typically exceed the minimum purchase requirement on days that have one, meaning that even on days that include a minimum purchase requirement, the advertised discount always applies to the vast majority of Products Defendant sells. In addition, Defendant usually or always is also running *additional* promotions not advertised on the home page that apply to everything or "almost everything," with no minimum purchase requirement. For example, on July 25, 2025—a day when the sale advertised on the homepage included a minimum purchase requirement of $49—Defendant was also offering the following promotion (described on the "Promo Terms" page at https://www.mixbook.com/promo/terms):

Promo code: **MXDLS25** | Expires 7/31

**50% Off Favorites:** This offer is only valid with coupon code MXDLS25. Enjoy 50% off 12X12" photo books, 14X11" calendars, premium cards, and all canvas prints. Receive 25% off almost everything else. This offer is not valid for 6X6" photo books and all Softcover photo books. This offer cannot be combined with other coupons, vouchers, Groupons, or applied after an order has been placed. Discount applies only to completed projects. No adjustments on previous purchases. Taxes will apply. Offer expires 7/31/2025 (11:59 pm PT).

**Semi Gloss, Signature Matte - Glossy Hardcover**
8x6 - 25%
11x8.5 - 25%
8.5x11 - 25%
8.5x8.5 - 25%
10x10 - 25%
12x12 - 50%
14x11 - 25%

**Semi Gloss, Signature Matte - Matte Hardcover**
8x6 - 25%
11x8.5 - 25%
8.5x11 - 25%
8.5x8.5 - 25%
10x10 - 25%
12x12 - 50%
14x11 - 25%

**Premium Lustre Hardcover - Matte Hardcover**
8x6 - 25%
11x8.5 - 25%
8.5x11 - 25%
8.5x8.5 - 25%
10x10 - 25%
12x12 - 50%
14x11 - 25%

**Dust Jacket**
8x6 - 25%
11x8.5 - 25%
8.5x11 - 25%
8.5x8.5 - 25%
10x10 - 25%
12x12 - 50%
14x11 - 25%

**Signature Lay Flat (Matte and Lustre) - Matte Hardcover**
11x8.5 - 25%
8.5x11 - 25%
8.5x8.5 - 25%
10x10 - 25%
12x12 - 50%

**Premium Lay Flat (Matte and Lustre) - Matte Hardcover**
11x8.5 - 25%
8.5x11 - 25%
8.5x8.5 - 25%
10x10 - 25%
12x12 - 50%

**Calendars**
11x8.5 - 25%
12x12 - 25%
14x11 - 50%

**Cards**
All Satin Coated - 25%
All Signature Matte - 25%
Pearl Finish - 25%
All Premium - 50%
Cotton Texture - 25%
Luxe Board - 25%
Magnet - 0%

**Address Labels**
Address Labels - 25%
Labels - 25%
Envelopes - 25%

**Canvas Prints**
8x10 - 50%
11x14 - 50%
16x20 - 50%
20x30 - 50%
24x36 - 50%

**Metal Prints**
4x6 - 25%
5x7 - 25%
8x10 - 25%
14x11 - 25%
20x16 - 25%
30x20 - 25%
24x36 - 25%

**Acrylic Prints**
6x6 - 25%
11x14 - 25%
16x20 - 25%
20x30 - 25%

**Poster Prints**
11x14 - 25%
16x20 - 25%
20x30 - 25%
24x36 - 25%

[3] The following items are excluded from Defendant's sales on "almost everything": 6x6 photo books, all Softcover photobooks, and magnets.



Dovel & Luner, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, CA 90401
(310) 656-7066

**B. Mixbook sends false and misleading emails to promote its fake sales.**

19. To promote the supposed discounts it advertises on its website, Mixbook sends commercial emails to consumers on its mailing list. The subject lines of those emails frequently advertise supposed sales that are available on Defendant's products, for example, "Mystery Flash Sale". They also frequently advertise steep percent-off discounts, for example, "Up to 50% OFF" or "get 50% off almost everything." The subject lines also frequently represent that the sale is limited in time and is ending soon, for example: "TODAY ONLY" and "Last chance".

20. Defendant's subject lines are false and misleading. First, Defendant's email subject lines state that a special sale is going on (for example, "Mystery Flash Sale"). To reasonable consumers, this means that a sale is running that allows them to purchase Products at a lower-than-usual price. Second, Defendant's email subject lines state that the recipient will receive a certain percentage discount (for example, "Up to 50% OFF") if they buy during a specified timeframe. To reasonable consumers, this conveys that if they buy during the sale, they will receive the specified percentage off *Defendant's regular prices*, i.e., the price at which Mixbook typically sells the Products, sold the Products at before the promotion started, and will sell the Products again when the promotion ends. But here, because Defendant always offers significant, materially similar, sitewide discounts, consumers who buy during a supposed sale do not actually have the chance to buy Defendant's Products at a lower-than-usual price. Nor do they get the advertised discount off of Mixbook's regular prices. Instead, they get a much smaller discount, or no discount at all. In other words, based on Defendant's email subject lines, reasonable recipients believe that if they buy during a sale they will receive a real discount off of Defendant's true regular prices, but in fact what they receive is a nominal discount off of fictitious, inflated prices at which Defendant's products are rarely, if ever, sold. So these email subject lines are false or, at a minimum, misleading.

21. Second, Defendant's email subject lines often state that the discounts are limited-duration or ending soon (for example, "TODAY ONLY," "last chance", or "ends tomorrow"). To reasonable consumers, these statements convey that the advertised discount is only available for a limited period and that, after the period ends (i.e. after "TODAY"), Defendant's products will go back



Dovel & Luner, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, CA 90401
(310) 656-7066

to retailing at the price to which the discount (such as "50% Off") is applied. But in reality, after the specified time period, Defendant either continues the supposedly "TODAY ONLY" sale, or replaces it with a materially similar sale offering materially similar discounts on all or nearly all of Defendant's products. So email subject lines that contain these statements are false or, at a minimum, misleading, for this additional reason.

22. Mixbook sends these emails for the purpose of promoting its goods for sale and to drive sales. By misrepresenting the amount of its supposed discounts and the duration of its supposed sales, Mixbook creates a false sense of urgency. And Mixbook compounds this sense of urgency by accompanying the promise of deals with statements like "TODAY ONLY" and "Last Chance." Recipients who read Defendant's email subject lines believe that if they act now, they can purchase a higher value item at a limited-time discount. If they wait, then the discount will expire and they will have to pay the former or regular price.

23. Defendant routinely sends these kinds of deceptive emails to Plaintiff and other class members, and has done so throughout the statute of limitations period. Below are three examples.

24. On August 26, 2023, Mixbook sent a commercial email to Plaintiff and other class members with a subject line that read, "TODAY ONLY: Up to 50% OFF":



25. Based on the representations in the subject line, reasonable recipients of the August 26, 2023 email, including Plaintiff, believed that if they purchased during the sale, they would receive this special discount off of the regular and former prices of Mixbook's Products. They also believed that Mixbook was offering a limited time sale that was ending "TODAY," i.e., that after today (August 26), customers would no longer be able to receive "up to 50% OFF." And they believed that, if they were to wait (in this case until tomorrow), that the sale would be over and the Products' prices would return to their regular prices (the prices to which "up to 50% OFF") is applied.

26. But "TODAY" was not the only day that Plaintiff and other class members could get "Up to 50% OFF" Mixbook's Products. To confirm, Plaintiff's counsel investigated Mixbook's advertising practices using the Internet Archive's Wayback Machine and a similar archiving website, arquivo.pt.[4] The investigation revealed that every month for over four years, from 2021 to at least August 2025 (the month before this Complaint was filed), Mixbook offered a materially similar sale of up to 50% off and sometimes more. In the handful of months where Mixbook did not explicitly offer up to 50% off, it offered a materially similar sale of up to 40% or 45% off plus an extra 10% off.

| Date[5] | Advertised Sale |
|---|---|
| 1/7/2021 | Up to 50% + An Extra 10% Off |
| 2/5/2021 | Enjoy up to 50% Off Everything |
| 3/15/2021 | Enjoy up to 55% off sitewide! |
| 4/18/2021 | Up to 50% Off + 10% Off |
| 5/29/2021 | Enjoy up to 50% Off Everything |
| 6/16/2021 | Up to 50% Off Everything! |
| 7/22/2021 | Up to 55% Off Everything! |
| 8/11/2021 | Up to 40% Off + 10% Off Everything! |
| 9/23/2021 | Enjoy up to 50% Off Everything |
| 10/15/2021 | Enjoy up to 50% Off Everything |
| 11/11/2021 | Enjoy up to 50% Off Everything! |
| 12/19/2021 | FREE Express Shipping on $79+ & Up to 50% Off |
| 1/21/2022 | Enjoy up to 50% Off Everything! |
| 2/4/2022 | Up to 50% off Everything |
| 3/10/2022 | Up to 55% off Everything |

[4] arquivo.pt is a Portugal-based internet archiving service. It captures the same Mixbook URL as the US-based Internet Archive (www.mixbook.com). Because arquivo.pt often captures different dates from the Internet Archive, it fills in archival gaps.

[5] Date refers to the date of the archive available on the Wayback Machine or arquivo.pt.



Dovel & Luner, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, CA 90401
(310) 656-7066

| Date[5] | Advertised Sale |
|---|---|
| 4/19/2022 | Up to 50% Off + An Extra 5% Off Everything |
| 5/27/2022 | Up to 50% Off + FREE Shipping on $49+ |
| 6/30/2022 | Up to 45% + 10% off everything |
| 7/8/2022 | Up to 50% Off Everything |
| 8/25/2022 | Up to 55% Off + $16 Deals |
| 9/22/2022 | Up to 50% Off + an Extra 10% Off |
| 10/22/2022 | Up to 45% + An Extra 10% Off Almost Everything |
| 11/5/2022 | Up To 50% Off Plus An Extra 10% Off + $5 Shipping |
| 12/2/2022 | Up To 55% Off |
| 1/19/2023 | Up To 50% Off Almost Everything + Half Off Standard Shipping |
| 2/14/2023 | Up to 40% off + An Extra 10% off Everything |
| 3/9/2023 | Up to 55% Off |
| 4/1/2023 | Up to 50% Off Almost Everything |
| 5/3/2023 | Up to 50% Off Almost Everything + Free Standard Shipping on $59+ |
| 6/6/2023 | Up to 50% Off + Half Off Shipping |
| 7/5/2023 | Up to 50% Off + Free Shipping on $59+ |
| 8/19/2023 | Up to 55% Off Almost Everything |
| 9/21/2023 | Up to 50% Off + An Extra 10% Off & Free Shipping on $59+ |
| 10/21/2023 | Up To 45% Off + 10% Off + Free Shipping on $59+ |
| 11/11/2023 | Up to 50% Off + An Extra 10% Off Signature Lay Flats |
| 12/2/2023 | Up to 55% Off + Free Shipping on $59 |
| 1/21/2024 | Up to 50% Off + Half Off Standard Shipping |
| 2/24/2024 | Up to 50% Off + Free Shipping on $59+ |
| 3/14/2024 | Up to 55% Off Almost Everything |
| 4/1/2024 | Up to 50% Off + An Extra 10% Off + Free Shipping* on $79+ |
| 5/3/2024 | Up to 55% Off + Free Standard Shipping on $59+ |
| 6/2/2024 | Up to 50% off Almost Everything |
| 7/1/2024 | Up to 50% Off Almost Everything |
| 8/17/2024 | Up to 55% Off |
| 9/3/2024 | Up to 50% Off + Free Shipping on $59+ |
| 10/22/2024 | Up to 50% Off |
| 11/9/2024 | Up to 50% Off + Free Shipping on $59+ |
| 12/9/2024 | Up to 55% off & free shipping on $59+ |
| 1/18/2025 | Up to 50% Off Almost Everything |
| 2/22/2025 | Up to 50% Off Almost Everything |
| 3/15/2025 | Up to 55% Off Almost Everything |
| 4/19/2025 | Up to 50% Off + An Extra 10% Off |
| 5/21/2025 | Up to 55% Off Almost Everything |
| 6/26/2025 | Up to 50% off + an extra 10% off |
| 7/18/2025 | Up to 55% off almost everything |
| 8/15/2025 | Up to 55% off + free shipping on $55+ |

27. Accordingly, the subject line of Defendant's email—"up to 50% OFF"—was false and misleading in two ways. First, the subject line's assertion that recipients would get up to "50%" off was false and misleading. Because, as shown above, Defendant's sales are always available, recipients of the email could not actually get 50% off of Defendant's regular prices. Instead, they could get a nominal discount off of fictious list prices at which Defendant's products are rarely if ever sold. Second, the duration of the sale as represented by the subject line was deceptive because recipients of the email could regularly and consistently get up to 50% off on Defendant's Products. As shown above, the ability to get up to 50% off did not end "TODAY"; it was regularly available even after "TODAY." The August 26, 2023 email was false, misleading, and violated CEMA.

28. In a second example, on August 27, 2023, Mixbook sent a commercial email to Plaintiff and other class members with a subject line that read, "Up to 45% OFF ends tomorrow!"




29. Based on the representations in the subject line, reasonable recipients of the August 27, 2023, email, including Plaintiff, believed that, if they purchased during the sale, they would receive this special discount off the regular and former prices of the Products. They also believed that Mixbook was offering a limited-time sale that was ending the next day, i.e., that after the next day (August 28, 2023), customers would no longer be able to receive "Up to 45% OFF." And they believed that, if they were to wait (in this case, if they were to wait beyond the next day), then the sale would be over and the Products' prices would return to their regular prices (the prices to which the "Up to 45% Off' is applied.)

30. But Mixbook's customers could get up to 45% off even after August 28. From September 1 through September 4, Mixbook again advertised "Up to 45% Off Almost Everything":




31. In fact, as shown above, discounts of up to 45% (or more) on everything or almost everything are always available on Defendant's website, and have been for years.



Dovel & Luner, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, CA 90401
(310) 656-7066

32. Accordingly, the subject line of Defendant's email—"Up to 45% OFF ends tomorrow!"—was false and misleading in two ways. Recipients of this email could not actually get a real 45% off of Defendant's regular prices. Instead, as with the first example, they could only get a nominal discount off of fictitious prices at which Defendant's products are rarely if ever sold. And—like in the first example—Plaintiff's and class members' chance to receive a nominal discount of 45% off of Defendant's made up list prices did not "end[] tomorrow." As shown above, that same discount continued to be available in early September, and many, many times since. The August 27, 2023 email was false, misleading, and violated CEMA.

33. Mixbook sent many similar false and/or misleading emails to Plaintiff and class members. For example, on September 6, 2023, Mixbook sent Plaintiff and other class members an email with the subject line "LAST CHANCE: 50% OFF your next order"; on December 29, 2023 Mixbook again sent Plaintiff an email with the subject line "TODAY ONLY: 50% off your order"; and on July 28, 2024 Mixbook sent Plaintiff an email with the subject line "Just For You: 50% OFF". Because the discounts were not actually discounts off the regular prices and because the discounts were not available "today only" and did not represent the "last chance" to get the discount, these emails were false, misleading, and violated CEMA.

34. Defendant sent at least the following emails with false and misleading subject lines to Plaintiff and putative class members:

| Email Date | Subject Line |
|---|---|
| 21-Mar-21 | Celebrate your memories with up to 50% off |
| 23-Mar-21 | Celebrate your memories with up to 50% off |
| 25-Mar-21 | You'll love this: up to 50% + 10% off |
| 27-May-21 | 4 thoughtful gifts he'll love + up to 50% off |
| 1-Jun-21 | Relive your weekend memories with 40-50% off |
| 7-Jun-21 | We really miss you \| Open now for a 50% off gift |
| 15-Jun-21 | Inspiration from creators like you + 50% off |
| 17-Jun-21 | 3 Ways to Refresh Your Space for Summer + 50% Off |
| 20-Jun-21 | Photo books to celebrate summer + 50% Off |
| 6-Jul-21 | Tuesday treat: 50% off square books + more! |
| 10-Jul-21 | As a special thanks: a golden ticket for you |
| 5-Sep-21 | Haven't seen you in awhile. Enjoy up to 55% off your next order! |



Dovel & Luner, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, CA 90401
(310) 656-7066

| | |
|---|---|
| 12-Sep-21 | Mystery Flash Sale! |
| 28-Sep-21 | Last Chance for our Friends & Family Sale! |
| 28-Nov-21 | Last chance at Black Fri-YAY! |
| 1-Dec-21 | Final chance at Cyber Monday! |
| 2-Dec-21 | Exclusive daily deals are here! |
| 26-Aug-23 | TODAY ONLY: Up to 50% OFF |
| 27-Aug-23 | Up to 45% OFF ends tomorrow! |
| 6-Sep-23 | LAST CHANCE: 50% OFF your next order |
| 12-Sep-23 | Wish You Were Here! Save 50% OFF extra pages |
| 17-Sep-23 | Ends soon! Up to 45% OFF 🎉 |
| 20-Sep-23 | First Dibs: FREE shipping & Up to 50% OFF + 10% OFF |
| 23-Sep-23 | MYSTERY FLASH SALE |
| 24-Sep-23 | This sale ends TOMORROW! ✨ |
| 25-Sep-23 | LAST CHANCE: Friends & Family Sale ends at MIDNIGHT! |
| 5-Oct-23 | Up to 40% OFF gifts for teacher's 🍎 |
| 10-Dec-23 | Ends Tonight: 55% Off + FREE Shipping (No Min) |
| 11-Dec-23 | Today Only: 55% Off Additional Pages |
| 12-Dec-23 | FLASH SALE! 40-50% Off + FREE Shipping (No Min) |
| 13-Dec-23 | Just 2 More Days to Save 40-50% (Plus Free Shipping - no minimum!) |
| 14-Dec-23 | LAST CHANCE for 40-50% Off + FREE Shipping (No Min!) |
| 15-Dec-23 | Last-Minute Deals: 55% Off Almost Everything Starts Now! |
| 16-Dec-23 | One Day Left! Get 55% Off Almost Everything + FREE Shipping |
| 16-Dec-23 | Time's Running Out on 55% Off Almost Everything! |
| 17-Dec-23 | 55% Off Almost Everything + Free Shipping Ends Soon |
| 17-Dec-23 | Last Call for Last-Minute Deals (And Standard Shipping) |
| 18-Dec-23 | Choose Your Deal! It's Now or Never. |
| 18-Dec-23 | One Last Day to Choose Your Deal! |
| 22-Dec-23 | Joe, your early access to 50% off is HERE! |
| 23-Dec-23 | 50% Off Almost Everything + FREE Shipping on $59+ |
| 28-Dec-23 | 50% Off Photo Calendars & More |
| 29-Dec-23 | TODAY ONLY: 50% off your order |
| 13-Jun-24 | Surprise, Joe! Enjoy this special deal on your next order. |
| 27-Jun-24 | Joe, something just for you... |
| 30-Jun-24 | MYSTERY SALE |
| 2-Jul-24 | MYSTERY SALE ENDS SOON ✨ |
| 12-Jul-24 | Joe, last chance to get your reward! |
| 19-Jul-24 | Give 40% off, Get 40% off + Free Shipping |
| 28-Jul-24 | Just For You: 50% OFF |
| 2-Aug-24 | Reminder for Joe: ⚡ MYSTERY SALE ⚡ |



Dovel & Luner, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, CA 90401
(310) 656-7066

| | |
|---|---|
| 10-Nov-24 | Last chance to get 50% off almost everything! |
| 24-Apr-25 | Half off extra pages or up to 45% off |
| 13-Aug-25 | BIRTHDAY SALE 🎁 Joe, here's your early access to deals |

35. Mixbook knows, or has reason to know, that it sends its emails containing false and misleading subject lines to Washington residents. Mixbook knows where recipients of its emails reside because (i) Mixbook has physical addresses associated with recipients' accounts or orders; and (ii) Mixbook has access to data regarding the recipient including the recipient's state of residence, such as geocoordinate and IP address tracking in Mixbook's promotional emails.

36. Mixbook also knows what sales it is offering and knows that, in truth, it almost always offers sales and its sales are not truly ending soon.

37. Mixbook's commercial emails containing false and misleading information about its fake sales clog up inboxes with spam email, waste limited data space, and violate Plaintiff's and putative class members' statutory right to be free from deceptive commercial emails.

38. Plaintiff was not, and putative class members are not, aware that Mixbook's email subject lines are false and misleading. Reasonable consumers are not monitoring Mixbook's website and tracking its discounts every day for months or years to determine whether or not the sales are real, and whether or not the email subject lines promoting those sales are true.

**C. No adequate remedy at law.**

39. Plaintiff seeks an injunction. Plaintiff is permitted to seek an injunction because he has no adequate remedy at law. Legal remedies here are not adequate because they would not stop Mixbook from continuing to transmit emails with false or misleading subject lines to Washington residents.

40. CEMA gives Plaintiff a clear right not to receive commercial emails that have false or misleading subject lines and Plaintiff does not want to receive such emails. Mixbook has sent emails to Plaintiff for years so he has a well-grounded fear that Mixbook will continue to violate his right to be free of such commercial emails.

41. Mixbook's sending of false and misleading commercial emails also results in actual and substantial injury to Plaintiff. First, it violates his statutory right not to receive commercial emails that

contain false or misleading subject lines, which the legislature has deemed to be a "matter[] vitally affecting the public interest." RCW 19.190.030. Violation of a right that vitally affects the public interest results in actual and substantial harm to Plaintiff and putative class members. Second, as described above, these deceptive promotions also cause harm by clogging up Plaintiff's inbox, wasting email storage space, and creating a false sense of urgency to purchase Defendant's products. So, while Plaintiff would like to receive truthful information from Mixbook, he does not want to receive emails with false and misleading subject lines. Due to Mixbook's conduct, Plaintiff cannot tell which emails from Mixbook contain truthful information and which emails are spam with false and misleading information designed to spur him into making a purchase. Without a court order requiring Mixbook to send only honest emails about its sales, he cannot rely on the emails he receives thereby causing actual and substantial injury.

## V. Class action allegations.

42. Plaintiff brings the asserted claims on behalf of the proposed class of:

- all Washington residents who received promotional emails from Mixbook with subject lines advertising sales or discounts on Mixbook Products.

43. The following people are excluded from the proposed class: (1) any Judge or Magistrate Judge presiding over this action and the members of their family; (2) Defendant, Defendant's subsidiaries, parents, successors, predecessors, and any entity in which the Defendant or its parents have a controlling interest and their current employees, officers and directors; (3) persons who properly execute and file a timely request for exclusion from the class; (4) persons whose claims in this matter have been finally adjudicated on the merits or otherwise released; (5) Plaintiff's counsel and Defendant's counsel, and their experts and consultants; and (6) the legal representatives, successors, and assigns of any such excluded persons.

***Numerosity***

44. The proposed class contains members so numerous that separate joinder of each member of the class is impractical. There are at least thousands of Class members in Washington.

45. Class members can be identified through Mixbook's electronic mailing lists.

*Existence of Common Questions*

46. There are questions of law and fact common to the proposed class. Common questions of law and fact include, without limitation:

(1) whether Defendant's email subject lines regarding its purported discounts are false or misleading;

(2) whether Defendant's email subject lines violate CEMA;

(3) whether Defendant's email subject lines violate the CPA;

(4) the greater of actual damages or statutory damages due to Plaintiff and the proposed Class.

*Typicality & Adequacy*

47. Like members of the proposed Class, Plaintiff received emails from Mixbook that contain false or misleading subject lines regarding Mixbook's discounts.

48. There are no conflicts of interest between Plaintiff and the Class.

*Superiority*

49. A class action is superior to all other available methods for the fair and efficient adjudication of this litigation because individual litigation of each claim is impractical. It would be unduly burdensome to have individual litigation of thousands of individual claims in separate lawsuits, every one of which would present the issues presented in this lawsuit.

## VI. Claims.

**Count 1: Violations of Washington's Commercial Electronic Mail Act**

**(By Plaintiff and the Class)**

50. Plaintiff incorporates each and every factual allegation set forth above and below.

51. Plaintiff brings this cause of action on behalf of himself and members of the Class.

52. CEMA prohibits the sending of a commercial email that "[c]ontains false or misleading information in the subject line." RCW 19.190.020. Advertising fake discounts in the subject line of a promotional email, with fake time pressure, violates CEMA. *Brown v. Old Navy LLC*, 567 P.3d 38 (Wash. 2025).

53. Mixbook is a "person" under CEMA. RCW 19.190.010(11).

54. As alleged more fully above, Mixbook violated CEMA by initiating the transmission of commercial electronic mail messages that contained false or misleading information in the subject line to Plaintiff's and Class members' electronic mail addresses.

55. Mixbook's email subject lines stating the purported discount recipients will receive if recipients purchase during the sale are false and misleading because, as discussed above, consumers do not truly receive the discounts Mixbook advertises. Instead, because substantial discounts are almost always available, the purported discounts are illusory.

56. Mixbook's email subject lines stating the supposed duration of its sales are false and misleading because, as discussed above, Mixbook's sales are almost always available.

57. Mixbook sent these emails to Plaintiff and Class members for the purpose of promoting Mixbook's Products for sale.

58. As a result, these promotional emails contain false or misleading information in the subject line, in violation of CEMA

59. Mixbook knew or had reason to know that it transmitted such emails to email addresses held by Washington residents, including Plaintiff.

60. Based on the emails Mixbook sent to Plaintiff, Mixbook has sent at least thousands of emails to Washington recipients, with similar false or misleading subject lines.

61. Mixbook's acts and omissions violated RCW 19.190.020(1)(b).

62. Mixbook's acts and omissions injured Plaintiff and Class members.

63. The balance of equities favors the entry of permanent injunctive relief against Mixbook. Plaintiff, the members of the Class, and the general public will be irreparably harmed absent the entry of permanent injunctive relief against Mixbook. A permanent injunction against Mixbook is in the public interest. Mixbook's unlawful behavior is ongoing as of the date of the filing of this pleading, so without the entry of a permanent injunction, Mixbook's unlawful behavior will not cease and, in the unlikely event that it voluntarily ceases, is likely to reoccur.

64. Plaintiff and Class members are therefore entitled to injunctive relief in the form of an order enjoining further violations of RCW 19.190.020(1)(b).

**Count 2: Violations of the Washington Consumer Protection Act via misleading emails**

**(By Plaintiff and the Class)**

65. Plaintiff incorporates each and every factual allegation set forth above and below.

66. Plaintiff brings this cause of action on behalf of himself and members of the Class.

67. Plaintiff and Class members are "persons" within the meaning of the CPA. RCW 19.86.010(1).

68. As alleged above, Mixbook violated CEMA by initiating the transmission of commercial electronic mail messages to Plaintiff and Class members that contained false or misleading information in the subject line.

69. A violation of CEMA is a per se violation of the CPA. RCW 19.190.030(1).

70. A violation of CEMA establishes all elements of the CPA as a matter of law.

71. As alleged more fully above, Mixbook's transmission of commercial electronic messages to Plaintiff and Class members that contained false or misleading information in the subject line also violates the CPA because it constitutes unfair or deceptive practices that occur in trade or commerce.

***Unfair Acts or Practices***

72. As alleged in detail above, Mixbook committed "unfair" acts by falsely stating in email subject lines that it was offering a discount off the regular prices of its Products, and that customers could receive that discount only by purchasing during the sale period, when none of this was true.

73. The harm to Plaintiff and the Class greatly outweighs the public utility of Mixbook's conduct. There is no public utility to misrepresenting whether Mixbook's Products are discounted and misrepresenting the duration of its sales. Plaintiff and the Class's injuries were not outweighed by any countervailing benefits to consumers or competition. Misleading consumers only injures healthy competition and harms consumers.

***Deceptive Acts or Practices***

74. As alleged in detail above, Mixbook's representations in email subject lines regarding the amount of discount that an email recipient could receive and the duration of the supposed sale was deceptive.



Dovel & Luner, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, CA 90401
(310) 656-7066

75. Mixbook's representations were likely to deceive, and did deceive, Plaintiff and other reasonable recipients. Mixbook knew, or should have known through the exercise of reasonable care, that these statements were inaccurate and misleading.

76. Mixbook's unfair or deceptive acts or practices vitally affect the public interest and thus impact the public interest for purposes of applying the CPA. RCW 19.190.030(3); RCW 19.190.100.

77. Mixbook's acts and omissions caused injury to Plaintiff and Class members. In addition, violations of CEMA establish the injury and causation elements of a CPA claim as a matter of law.

78. Under the CPA, "[p]rivate rights of action may … be maintained for recovery of actual damages, costs, and a reasonable attorney's fee. A private plaintiff may be eligible for treble damages," and "may obtain injunctive relief, even if the injunction would not directly affect the individual's own rights." Washington Pattern Jury Instruction Civil No. 310.00 (Consumer Protection Act—Introduction) (internal citations omitted); RCW 19.86.090.

79. Under the CPA, Plaintiff and Class members are entitled to, and seek, the greater of actual damages and statutory damages of $500 per email that violates CEMA. In addition, Plaintiff and Class members seek treble damages, which are permitted under the CPA, including for CEMA violations. Plaintiff seeks treble damages to further Plaintiff's and Class members' financial rehabilitation, encourage citizens to bring CPA actions, deter Mixbook and other persons from committing CEMA violations, and punish Mixbook for its false and misleading advertising practices.

80. Plaintiff and Class members are also entitled to, and seek, injunctive relief prohibiting Mixbook's further violations of the CPA.

## VII. Jury Demand.

81. Plaintiff demands the right to a jury trial on all claims so triable.

## VIII. Prayer for Relief.

82. Plaintiff seeks the following relief for himself and the proposed class:

- An order certifying the asserted claims, or issues raised, as a class action;
- A judgment in favor of Plaintiff and the proposed class;



Dovel & Luner, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, CA 90401
(310) 656-7066

- The greater of actual or statutory damages, treble damages, and punitive damages where applicable;
- Pre- and post-judgment interest;
- An injunction prohibiting Mixbook's deceptive conduct, as allowed by law;
- Reasonable attorneys' fees and costs, as allowed by law;
- Any additional relief that the Court deems reasonable and just.

Dated: September 16, 2025

Respectfully submitted,

By: */s/ Cody Hoesly*

Cody Hoesly (WA Bar No. 41190)
choesly@bargsinger.com
BARG SINGER HOESLY PC
121 SW Morrison St., Ste. 600
Portland, OR 97204
Ph. (503) 241-3311

Jonas B. Jacobson (WA Bar No. 62890)
jonas@dovel.com
Vivek Kothari (OR Bar No. 182089)*
vivek@dovel.com
DOVEL & LUNER, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, California 90401
Telephone: (310) 656-7066
Facsimile: +1 (310) 656-7069

*Counsel for Plaintiff*

**Pro Hac Vice* applications forthcoming

# EXHIBIT B

CSC

# Notice of Service of Process

null / ALL
Transmittal Number: 32397925
Date Processed: 10/03/2025

| | |
|---|---|
| **Primary Contact:** | Nick Laboa<br>Interactive Memories, Inc.<br>2000 Broadway St<br>Redwood City, CA 94063-1802 |

| | |
|---|---|
| **Entity:** | Interactive Memories, Inc.<br>Entity ID Number 2487204 |
| **Entity Served:** | Interactive Memories, Inc. D/B/A Mixbook |
| **Title of Action:** | Joseph Kelley, individually and on behalf of all others similarly situated vs. Interactive Memories, Inc. D/B/A Mixbook |
| **Matter Name/ID:** | Joseph Kelley, individually and on behalf of all others similarly situated vs. Interactive Memories, Inc. D/B/A Mixbook (17910461) |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Class Action |
| **Court/Agency:** | King County Superior Court, WA |
| **Case/Reference No:** | 25-2-26946-9 SEA |
| **Jurisdiction Served:** | Delaware |
| **Date Served on CSC:** | 09/18/2025 |
| **Answer or Appearance Due:** | 60 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| Sender Information: | Dovel & Luner, LLP<br>310-656-7066 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**
251 Little Falls Drive, Wilmington, Delaware 19808-1674 (888) 690-2882 | sop@cscglobal.com

# EXHIBIT C

Román D. Hernández (WSBA 39939)
rhernandez@cablehuston.com
**Cable Huston LLP**
1455 SW Broadway, Suite 1500
Portland, OR 97201-3412
Tel: 503-224-9548
Fax: 503-224-3176

Attorneys for Interactive Memories, Inc.

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE WESTERN DISTRICT OF WASHINGTON**

JOSEPH KELLEY, individual and on behalf of all others similar situated,

Plaintiff,

v.

INTERACTIVE MEMORIES, INC. d/b/a MIXBOOK,

Defendant.

Case No. _______

RULE 7.1 CORPORATE DISCLOSURE STATEMENT FOR INTERACTIVE MEMORIES, INC.

Defendant Interactive Memories, Inc. files this Corporate Disclosure Statement in compliance with Rule 7.1 of the Federal Rules of Civil Procedure.

Defendant Interactive Memories, Inc. has no parent corporation and no publicly held corporation owns 10 percent or more of it.

Dated: October 17, 2025

By: s/ Román D. Hernández
Román D. Hernández (WSBA 39939)
rhernandez@cablehuston.com
**Cable Huston LLP**
1455 SW Broadway, Suite 1500
Portland, OR 97201-3412
Tel: 503-224-9548
Fax: 503-224-3176

Attorney for Interactive Memories, Inc.

# EXHIBIT D

# King County Superior Court Clerk's Office

Welcome to the Records Access Portal

**25-2-26946-9 SEA**

KELLEY VS INTERACTIVE MEMORIES INC DBA

Consumer Protection Act - Active

File Document | Submit EPVC | Submit E-WC | Submit Order for Review

Request Access to Sealed Documents | Request Fee Waiver | Purchase/View Court records

Summary | Participants | Document List | Events | Judgments

## Documents

### Documents List

| Sub Number | Date Filed | Document Name | Additional Information | Filed By | Page # | Seal |
|---|---|---|---|---|---|---|
| 1 | 09/16/2025 | CMPCPA - Consumer Protection Act Complaint | | | 22 | |
| 3 | 09/16/2025 | CICS - Case Information Cover Sheet | | | 1 | |
| 2 | 09/16/2025 | ORSCS-CV - Order Setting Case Schedule - Civil | | Clerk | 3 | |
| 4 | 09/23/2025 | AFSRS - Affidavit / Declaration / Certificate Of Service - Served | | | 1 | |

Go Back

Copyright © Journal Technologies, USA. All rights reserved.

# EXHIBIT E

FILED
2025 SEP 16 02:45 PM
KING COUNTY
SUPERIOR COURT CLERK
E-FILED
CASE #: 25-2-26946-9 SEA

SUPERIOR COURT OF THE STATE OF WASHINGTON
KING COUNTY

| | |
|---|---|
| JOSEPH KELLEY, individually and on behalf of all others similarly situated,<br>*Plaintiff,*<br>vs.<br>INTERACTIVE MEMORIES, INC. d/b/a MIXBOOK,<br>*Defendant.* | Case No.<br>**CLASS ACTION COMPLAINT**<br>**JURY DEMAND** |



Dovel & Luner, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, CA 90401
(310) 656-7066

## Table of Contents


I. Introduction. ..... 1

II. Parties. ..... 1

III. Jurisdiction and Venue. ..... 2

IV. Facts. ..... 2

A. Mixbook advertises fictitious, supposedly time-limited discounts on its website. ..... 2

B. Mixbook sends false and misleading emails to promote its fake sales. ..... 7

C. No adequate remedy at law. ..... 14

V. Class action allegations. ..... 15

VI. Claims. ..... 16

Count 1: Violations of Washington's Commercial Electronic Mail Act (By Plaintiff and the Class) ..... 16

Count 2: Violations of the Washington Consumer Protection Act via misleading emails ..... 18

VII. Jury Demand. ..... 19

VIII. Prayer for Relief. ..... 19




Dovel & Luner, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, CA 90401
(310) 656-7066

## I. Introduction.

1. Deceptive marketing emails plague consumers' inboxes. To put an end to this, the Washington legislature enacted the Washington Commercial Electronic Mail Act ("CEMA"), RCW 19.190. CEMA prohibits any person from sending a commercial email with a false or misleading subject line. RCW 19.190.020.

2. Defendant Interactive Memories, Inc. ("Defendant" or "Mixbook") manufactures, distributes, markets, and sells personalized photo books, calendars, cards, and home décor online through the Mixbook brand and website, www.mixbook.com ("Mixbook Products" or "Products").

3. Defendant's website advertises discounts off of the regular prices for its Products. And Defendant sends commercial emails to Washington residents with subject lines promoting these discounts, for example, "Up to 45% OFF ends tomorrow!"

4. Defendant's advertised discounts, however, are made up. Unlike legitimate discounts—where the seller offers a special, lower-than-usual price for a limited period of time—Defendant's discounts persist continuously. On any given day, steep discounts off of Defendant's supposed list prices are always available. As a result, Defendant's advertised regular prices, advertised discounts, and advertised expiration dates are all false and misleading. And so—when Defendant puts these false and misleading advertisements in the subject line of an email, Defendant violates CEMA (as well as Washington's Consumer Protection Act or "CPA"). *Brown v. Old Navy LLC*, 567 P.3d 38 (Wash. 2025).

5. Plaintiff is a Washington resident who received emails from Mixbook promoting Defendant's made up discounts in the subject line. Plaintiff brings this case to protect Washington residents from Mixbook's false and misleading emails about its purported discounts.

## II. Parties.

6. Plaintiff Joseph Kelley is domiciled in Woodinville, Washington.

7. The proposed class includes citizens of Washington.

8. Defendant Interactive Memories, Inc. is a Delaware company with its principal place of business at 2000 Broadway Street, Redwood City, CA 94063.

## III. Jurisdiction and Venue.

9. This Court has subject matter jurisdiction under the Washington State Constitution, which sets forth the jurisdiction of Washington Superior Courts. This Court also has subject matter jurisdiction under the Consumer Protection Act ("CPA"), RCW 19.86.090, and the Commercial Electronic Mail Act ("CEMA"), RCW 19.190.090, which give Washington Superior Courts jurisdiction over claims brought under CEMA and the CPA.

10. This Court has personal jurisdiction over Defendant under RCW 4.28.185. Defendant transacts business in Washington. The claims giving rise to this action arise from Defendant's transaction of business in this state and also Defendant's purposeful transmission of electronic mail messages to Washington residents. This Court also has personal jurisdiction over Defendant under RCW 19.86.160 because Defendant has engaged in conduct in violation of the CPA that has had an impact in Washington.

11. Venue is proper in King County Superior Court because Defendant resides here for purposes of venue. RCW 4.12.025. At all relevant times, Defendant has transacted business in King County, including by selling products to customers living in King County and by sending electronic mail messages to residents of King County, including to Plaintiff.

## IV. Facts.

### A. Mixbook advertises fictitious, supposedly time-limited discounts on its website.

12. Mixbook manufactures, distributes, markets, and sells personalized photo books, calendars, cards, and home décor. Mixbook sells its Products directly to consumers online, through its website, www.mixbook.com.

13. At any given time, on its website, Defendant advertises steep discounts on its Products. These advertisements offer significant discounts sitewide alongside a supposed end date of the discount. Reasonable consumers reasonably interpret Defendant's advertisements to mean that if they buy now, they will be getting a discount from the prices that Defendant usually charges for its Products. Defendant advertises these discounts extensively: on a banner at the top of its website pages; in a large



Dovel & Luner, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, CA 90401
(310) 656-7066

banner image on its homepage; on its product pages, shopping cart, and during checkout. Example screenshots are provided on the following pages:




*Captured March 7, 2023*[1]




*Captured August 19, 2023*




*Captured March 14, 2024*




*Captured September 25, 2024*




*Captured October 22, 2024*

[1] The Internet Archive's Wayback Machine identifies this screenshot as having been taken on March 7, 2023 even though the advertisement is listed as ending on March 6, 2023.



Dovel & Luner, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, CA 90401
(310) 656-7066




*Captured November 9, 2024*




*Captured July 3, 2025*




*Shopping Cart*




*Checkout*

14. In truth, however, Defendant's discounts do not expire. Immediately after each purportedly time-limited sale ends, Defendant either extends the same discount, or replaces it with a substantially similar discount with a new expiration date.

15. For example, on July 9, 2024, Defendant advertised a purportedly time-limited sale (up to 45% off) that "Ends: 07/10":




16. On July 11, 2024, however, Defendant advertised the same sale, this time one that supposedly "Ends: 07/15":




17. To confirm that Defendant always offers discounts off purported regular prices, Plaintiff's counsel performed an investigation of Defendant's advertising practices using the Internet Archive's Wayback Machine (available at www.archive.org).[2] That investigation confirms that

[2] The Internet Archive, available at archive.org, is a library that archives web pages. https://archive.org/about/.

Defendant's sales are always available. Counsel collected 58 randomly selected screenshots of Defendant's website, www.mixbook.com, from the Internet Archive's Wayback Machine, from 2023-2025. Counsel also collected screenshots directly from Defendant's website in 2025 from 49 different days. A review of these screenshots confirmed that Defendant's sales have persisted continuously for years. On every single day for which counsel reviewed Defendant's website, Defendant advertised a sitewide discount.

18. The vast majority of the time, Defendant's advertised discounts apply to everything or "almost everything" sold on Defendant's website, with no minimum purchase.[3] A small minority of the time, the sitewide sales advertised on the home page require a minimum purchase, usually $49. The list prices for Defendant's Products typically exceed the minimum purchase requirement on days that have one, meaning that even on days that include a minimum purchase requirement, the advertised discount always applies to the vast majority of Products Defendant sells. In addition, Defendant usually or always is also running *additional* promotions not advertised on the home page that apply to everything or "almost everything," with no minimum purchase requirement. For example, on July 25, 2025—a day when the sale advertised on the homepage included a minimum purchase requirement of $49—Defendant was also offering the following promotion (described on the "Promo Terms" page at https://www.mixbook.com/promo/terms):

Promo code: **MXDLS25** | Expires 7/31

**50% Off Favorites:** This offer is only valid with coupon code MXDLS25. Enjoy 50% off 12X12" photo books, 14X11" calendars, premium cards, and all canvas prints. Receive 25% off almost everything else. This offer is not valid for 6X6" photo books and all Softcover photo books. This offer cannot be combined with other coupons, vouchers, Groupons, or applied after an order has been placed. Discount applies only to completed projects. No adjustments on previous purchases. Taxes will apply. Offer expires 7/31/2025 (11:59 pm PT).

**Semi Gloss, Signature Matte - Glossy Hardcover**
8x6 - 25%
11x8.5 - 25%
8.5x11 - 25%
8.5x8.5 - 25%
10x10 - 25%
12x12 - 50%
14x11 - 25%

**Semi Gloss, Signature Matte - Matte Hardcover**
8x6 - 25%
11x8.5 - 25%
8.5x11 - 25%
8.5x8.5 - 25%
10x10 - 25%
12x12 - 50%
14x11 - 25%

**Premium Lustre Hardcover - Matte Hardcover**
8x6 - 25%
11x8.5 - 25%
8.5x11 - 25%
8.5x8.5 - 25%
10x10 - 25%
12x12 - 50%
14x11 - 25%

**Dust Jacket**
8x6 - 25%
11x8.5 - 25%
8.5x11 - 25%
8.5x8.5 - 25%
10x10 - 25%
12x12 - 50%
14x11 - 25%

**Signature Lay Flat (Matte and Lustre) - Matte Hardcover**
11x8.5 - 25%
8.5x11 - 25%
8.5x8.5 - 25%
10x10 - 25%
12x12 - 50%

**Premium Lay Flat (Matte and Lustre) - Matte Hardcover**
11x8.5 - 25%
8.5x11 - 25%
8.5x8.5 - 25%
10x10 - 25%
12x12 - 50%

**Calendars**
11x8.5 - 25%
12x12 - 25%
14x11 - 50%

**Cards**
All Satin Coated - 25%
All Signature Matte - 25%
Pearl Finish - 25%
All Premium - 50%
Cotton Texture - 25%
Luxe Board - 25%
Magnet - 0%

**Address Labels**
Address Labels - 25%
Labels - 25%
Envelopes - 25%

**Canvas Prints**
8x10 - 50%
11x14 - 50%
16x20 - 50%
20x30 - 50%
24x36 - 50%

**Metal Prints**
4x6 - 25%
5x7 - 25%
8x10 - 25%
14x11 - 25%
20x16 - 25%
30x20 - 25%
24x36 - 25%

**Acrylic Prints**
6x6 - 25%
11x14 - 25%
16x20 - 25%
20x30 - 25%

**Poster Prints**
11x14 - 25%
16x20 - 25%
20x30 - 25%
24x36 - 25%

---

[3] The following items are excluded from Defendant's sales on "almost everything": 6x6 photo books, all Softcover photobooks, and magnets.


Dovel & Luner, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, CA 90401
(310) 656-7066

**B. Mixbook sends false and misleading emails to promote its fake sales.**

19. To promote the supposed discounts it advertises on its website, Mixbook sends commercial emails to consumers on its mailing list. The subject lines of those emails frequently advertise supposed sales that are available on Defendant's products, for example, "Mystery Flash Sale". They also frequently advertise steep percent-off discounts, for example, "Up to 50% OFF" or "get 50% off almost everything." The subject lines also frequently represent that the sale is limited in time and is ending soon, for example: "TODAY ONLY" and "Last chance".

20. Defendant's subject lines are false and misleading. First, Defendant's email subject lines state that a special sale is going on (for example, "Mystery Flash Sale"). To reasonable consumers, this means that a sale is running that allows them to purchase Products at a lower-than-usual price. Second, Defendant's email subject lines state that the recipient will receive a certain percentage discount (for example, "Up to 50% OFF") if they buy during a specified timeframe. To reasonable consumers, this conveys that if they buy during the sale, they will receive the specified percentage off *Defendant's regular prices*, i.e., the price at which Mixbook typically sells the Products, sold the Products at before the promotion started, and will sell the Products again when the promotion ends. But here, because Defendant always offers significant, materially similar, sitewide discounts, consumers who buy during a supposed sale do not actually have the chance to buy Defendant's Products at a lower-than-usual price. Nor do they get the advertised discount off of Mixbook's regular prices. Instead, they get a much smaller discount, or no discount at all. In other words, based on Defendant's email subject lines, reasonable recipients believe that if they buy during a sale they will receive a real discount off of Defendant's true regular prices, but in fact what they receive is a nominal discount off of fictitious, inflated prices at which Defendant's products are rarely, if ever, sold. So these email subject lines are false or, at a minimum, misleading.

21. Second, Defendant's email subject lines often state that the discounts are limited-duration or ending soon (for example, "TODAY ONLY," "last chance", or "ends tomorrow"). To reasonable consumers, these statements convey that the advertised discount is only available for a limited period and that, after the period ends (i.e. after "TODAY"), Defendant's products will go back



Dovel & Luner, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, CA 90401
(310) 656-7066

to retailing at the price to which the discount (such as "50% Off") is applied. But in reality, after the specified time period, Defendant either continues the supposedly "TODAY ONLY" sale, or replaces it with a materially similar sale offering materially similar discounts on all or nearly all of Defendant's products. So email subject lines that contain these statements are false or, at a minimum, misleading, for this additional reason.

22. Mixbook sends these emails for the purpose of promoting its goods for sale and to drive sales. By misrepresenting the amount of its supposed discounts and the duration of its supposed sales, Mixbook creates a false sense of urgency. And Mixbook compounds this sense of urgency by accompanying the promise of deals with statements like "TODAY ONLY" and "Last Chance." Recipients who read Defendant's email subject lines believe that if they act now, they can purchase a higher value item at a limited-time discount. If they wait, then the discount will expire and they will have to pay the former or regular price.

23. Defendant routinely sends these kinds of deceptive emails to Plaintiff and other class members, and has done so throughout the statute of limitations period. Below are three examples.

24. On August 26, 2023, Mixbook sent a commercial email to Plaintiff and other class members with a subject line that read, "TODAY ONLY: Up to 50% OFF":



25. Based on the representations in the subject line, reasonable recipients of the August 26, 2023 email, including Plaintiff, believed that if they purchased during the sale, they would receive this special discount off of the regular and former prices of Mixbook's Products. They also believed that Mixbook was offering a limited time sale that was ending "TODAY," i.e., that after today (August 26), customers would no longer be able to receive "up to 50% OFF." And they believed that, if they were to wait (in this case until tomorrow), that the sale would be over and the Products' prices would return to their regular prices (the prices to which "up to 50% OFF") is applied.

26. But "TODAY" was not the only day that Plaintiff and other class members could get "Up to 50% OFF" Mixbook's Products. To confirm, Plaintiff's counsel investigated Mixbook's advertising practices using the Internet Archive's Wayback Machine and a similar archiving website, arquivo.pt.[4] The investigation revealed that every month for over four years, from 2021 to at least August 2025 (the month before this Complaint was filed), Mixbook offered a materially similar sale of up to 50% off and sometimes more. In the handful of months where Mixbook did not explicitly offer up to 50% off, it offered a materially similar sale of up to 40% or 45% off plus an extra 10% off.

| Date[5] | Advertised Sale |
|---|---|
| 1/7/2021 | Up to 50% + An Extra 10% Off |
| 2/5/2021 | Enjoy up to 50% Off Everything |
| 3/15/2021 | Enjoy up to 55% off sitewide! |
| 4/18/2021 | Up to 50% Off + 10% Off |
| 5/29/2021 | Enjoy up to 50% Off Everything |
| 6/16/2021 | Up to 50% Off Everything! |
| 7/22/2021 | Up to 55% Off Everything! |
| 8/11/2021 | Up to 40% Off + 10% Off Everything! |
| 9/23/2021 | Enjoy up to 50% Off Everything |
| 10/15/2021 | Enjoy up to 50% Off Everything |
| 11/11/2021 | Enjoy up to 50% Off Everything! |
| 12/19/2021 | FREE Express Shipping on $79+ & Up to 50% Off |
| 1/21/2022 | Enjoy up to 50% Off Everything! |
| 2/4/2022 | Up to 50% off Everything |
| 3/10/2022 | Up to 55% off Everything |

[4] arquivo.pt is a Portugal-based internet archiving service. It captures the same Mixbook URL as the US-based Internet Archive (www.mixbook.com). Because arquivo.pt often captures different dates from the Internet Archive, it fills in archival gaps.

[5] Date refers to the date of the archive available on the Wayback Machine or arquivo.pt.



Dovel & Luner, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, CA 90401
(310) 656-7066

| Date[5] | Advertised Sale |
|---|---|
| 4/19/2022 | Up to 50% Off + An Extra 5% Off Everything |
| 5/27/2022 | Up to 50% Off + FREE Shipping on $49+ |
| 6/30/2022 | Up to 45% + 10% off everything |
| 7/8/2022 | Up to 50% Off Everything |
| 8/25/2022 | Up to 55% Off + $16 Deals |
| 9/22/2022 | Up to 50% Off + an Extra 10% Off |
| 10/22/2022 | Up to 45% + An Extra 10% Off Almost Everything |
| 11/5/2022 | Up To 50% Off Plus An Extra 10% Off + $5 Shipping |
| 12/2/2022 | Up To 55% Off |
| 1/19/2023 | Up To 50% Off Almost Everything + Half Off Standard Shipping |
| 2/14/2023 | Up to 40% off + An Extra 10% off Everything |
| 3/9/2023 | Up to 55% Off |
| 4/1/2023 | Up to 50% Off Almost Everything |
| 5/3/2023 | Up to 50% Off Almost Everything + Free Standard Shipping on $59+ |
| 6/6/2023 | Up to 50% Off + Half Off Shipping |
| 7/5/2023 | Up to 50% Off + Free Shipping on $59+ |
| 8/19/2023 | Up to 55% Off Almost Everything |
| 9/21/2023 | Up to 50% Off + An Extra 10% Off & Free Shipping on $59+ |
| 10/21/2023 | Up To 45% Off + 10% Off + Free Shipping on $59+ |
| 11/11/2023 | Up to 50% Off + An Extra 10% Off Signature Lay Flats |
| 12/2/2023 | Up to 55% Off + Free Shipping on $59 |
| 1/21/2024 | Up to 50% Off + Half Off Standard Shipping |
| 2/24/2024 | Up to 50% Off + Free Shipping on $59+ |
| 3/14/2024 | Up to 55% Off Almost Everything |
| 4/1/2024 | Up to 50% Off + An Extra 10% Off + Free Shipping* on $79+ |
| 5/3/2024 | Up to 55% Off + Free Standard Shipping on $59+ |
| 6/2/2024 | Up to 50% off Almost Everything |
| 7/1/2024 | Up to 50% Off Almost Everything |
| 8/17/2024 | Up to 55% Off |
| 9/3/2024 | Up to 50% Off + Free Shipping on $59+ |
| 10/22/2024 | Up to 50% Off |
| 11/9/2024 | Up to 50% Off + Free Shipping on $59+ |
| 12/9/2024 | Up to 55% off & free shipping on $59+ |
| 1/18/2025 | Up to 50% Off Almost Everything |
| 2/22/2025 | Up to 50% Off Almost Everything |
| 3/15/2025 | Up to 55% Off Almost Everything |
| 4/19/2025 | Up to 50% Off + An Extra 10% Off |
| 5/21/2025 | Up to 55% Off Almost Everything |
| 6/26/2025 | Up to 50% off + an extra 10% off |
| 7/18/2025 | Up to 55% off almost everything |
| 8/15/2025 | Up to 55% off + free shipping on $55+ |

27. Accordingly, the subject line of Defendant's email—"up to 50% OFF"—was false and misleading in two ways. First, the subject line's assertion that recipients would get up to "50%" off was false and misleading. Because, as shown above, Defendant's sales are always available, recipients of the email could not actually get 50% off of Defendant's regular prices. Instead, they could get a nominal discount off of fictious list prices at which Defendant's products are rarely if ever sold. Second, the duration of the sale as represented by the subject line was deceptive because recipients of the email could regularly and consistently get up to 50% off on Defendant's Products. As shown above, the ability to get up to 50% off did not end "TODAY"; it was regularly available even after "TODAY." The August 26, 2023 email was false, misleading, and violated CEMA.

28. In a second example, on August 27, 2023, Mixbook sent a commercial email to Plaintiff and other class members with a subject line that read, "Up to 45% OFF ends tomorrow!"




29. Based on the representations in the subject line, reasonable recipients of the August 27, 2023, email, including Plaintiff, believed that, if they purchased during the sale, they would receive this special discount off the regular and former prices of the Products. They also believed that Mixbook was offering a limited-time sale that was ending the next day, i.e., that after the next day (August 28, 2023), customers would no longer be able to receive "Up to 45% OFF." And they believed that, if they were to wait (in this case, if they were to wait beyond the next day), then the sale would be over and the Products' prices would return to their regular prices (the prices to which the "Up to 45% Off" is applied.)

30. But Mixbook's customers could get up to 45% off even after August 28. From September 1 through September 4, Mixbook again advertised "Up to 45% Off Almost Everything":

**Up to 45% Off Almost Everything Code CAPTUREIT Ends: 09/04**

31. In fact, as shown above, discounts of up to 45% (or more) on everything or almost everything are always available on Defendant's website, and have been for years.



Dovel & Luner, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, CA 90401
(310) 656-7066

32. Accordingly, the subject line of Defendant's email—"Up to 45% OFF ends tomorrow!"—was false and misleading in two ways. Recipients of this email could not actually get a real 45% off of Defendant's regular prices. Instead, as with the first example, they could only get a nominal discount off of fictitious prices at which Defendant's products are rarely if ever sold. And—like in the first example—Plaintiff's and class members' chance to receive a nominal discount of 45% off of Defendant's made up list prices did not "end[] tomorrow." As shown above, that same discount continued to be available in early September, and many, many times since. The August 27, 2023 email was false, misleading, and violated CEMA.

33. Mixbook sent many similar false and/or misleading emails to Plaintiff and class members. For example, on September 6, 2023, Mixbook sent Plaintiff and other class members an email with the subject line "LAST CHANCE: 50% OFF your next order"; on December 29, 2023 Mixbook again sent Plaintiff an email with the subject line "TODAY ONLY: 50% off your order"; and on July 28, 2024 Mixbook sent Plaintiff an email with the subject line "Just For You: 50% OFF". Because the discounts were not actually discounts off the regular prices and because the discounts were not available "today only" and did not represent the "last chance" to get the discount, these emails were false, misleading, and violated CEMA.

34. Defendant sent at least the following emails with false and misleading subject lines to Plaintiff and putative class members:

| Email Date | Subject Line |
|---|---|
| 21-Mar-21 | Celebrate your memories with up to 50% off |
| 23-Mar-21 | Celebrate your memories with up to 50% off |
| 25-Mar-21 | You'll love this: up to 50% + 10% off |
| 27-May-21 | 4 thoughtful gifts he'll love + up to 50% off |
| 1-Jun-21 | Relive your weekend memories with 40-50% off |
| 7-Jun-21 | We really miss you \| Open now for a 50% off gift |
| 15-Jun-21 | Inspiration from creators like you + 50% off |
| 17-Jun-21 | 3 Ways to Refresh Your Space for Summer + 50% Off |
| 20-Jun-21 | Photo books to celebrate summer + 50% Off |
| 6-Jul-21 | Tuesday treat: 50% off square books + more! |
| 10-Jul-21 | As a special thanks: a golden ticket for you |
| 5-Sep-21 | Haven't seen you in awhile. Enjoy up to 55% off your next order! |



Dovel & Luner, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, CA 90401
(310) 656-7066

| | |
|---|---|
| 12-Sep-21 | Mystery Flash Sale! |
| 28-Sep-21 | Last Chance for our Friends & Family Sale! |
| 28-Nov-21 | Last chance at Black Fri-YAY! |
| 1-Dec-21 | Final chance at Cyber Monday! |
| 2-Dec-21 | Exclusive daily deals are here! |
| 26-Aug-23 | TODAY ONLY: Up to 50% OFF |
| 27-Aug-23 | Up to 45% OFF ends tomorrow! |
| 6-Sep-23 | LAST CHANCE: 50% OFF your next order |
| 12-Sep-23 | Wish You Were Here! Save 50% OFF extra pages |
| 17-Sep-23 | Ends soon! Up to 45% OFF 🎉 |
| 20-Sep-23 | First Dibs: FREE shipping & Up to 50% OFF + 10% OFF |
| 23-Sep-23 | MYSTERY FLASH SALE |
| 24-Sep-23 | This sale ends TOMORROW! ✨ |
| 25-Sep-23 | LAST CHANCE: Friends & Family Sale ends at MIDNIGHT! |
| 5-Oct-23 | Up to 40% OFF gifts for teacher's 🍎 |
| 10-Dec-23 | Ends Tonight: 55% Off + FREE Shipping (No Min) |
| 11-Dec-23 | Today Only: 55% Off Additional Pages |
| 12-Dec-23 | FLASH SALE! 40-50% Off + FREE Shipping (No Min) |
| 13-Dec-23 | Just 2 More Days to Save 40-50% (Plus Free Shipping - no minimum!) |
| 14-Dec-23 | LAST CHANCE for 40-50% Off + FREE Shipping (No Min!) |
| 15-Dec-23 | Last-Minute Deals: 55% Off Almost Everything Starts Now! |
| 16-Dec-23 | One Day Left! Get 55% Off Almost Everything + FREE Shipping |
| 16-Dec-23 | Time's Running Out on 55% Off Almost Everything! |
| 17-Dec-23 | 55% Off Almost Everything + Free Shipping Ends Soon |
| 17-Dec-23 | Last Call for Last-Minute Deals (And Standard Shipping) |
| 18-Dec-23 | Choose Your Deal! It's Now or Never. |
| 18-Dec-23 | One Last Day to Choose Your Deal! |
| 22-Dec-23 | Joe, your early access to 50% off is HERE! |
| 23-Dec-23 | 50% Off Almost Everything + FREE Shipping on $59+ |
| 28-Dec-23 | 50% Off Photo Calendars & More |
| 29-Dec-23 | TODAY ONLY: 50% off your order |
| 13-Jun-24 | Surprise, Joe! Enjoy this special deal on your next order. |
| 27-Jun-24 | Joe, something just for you... |
| 30-Jun-24 | MYSTERY SALE |
| 2-Jul-24 | MYSTERY SALE ENDS SOON ✨ |
| 12-Jul-24 | Joe, last chance to get your reward! |
| 19-Jul-24 | Give 40% off, Get 40% off + Free Shipping |
| 28-Jul-24 | Just For You: 50% OFF |
| 2-Aug-24 | Reminder for Joe: ⚡ MYSTERY SALE ⚡ |



Dovel & Luner, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, CA 90401
(310) 656-7066

| | |
|---|---|
| 10-Nov-24 | Last chance to get 50% off almost everything! |
| 24-Apr-25 | Half off extra pages or up to 45% off |
| 13-Aug-25 | BIRTHDAY SALE 🎁 Joe, here's your early access to deals |

35. Mixbook knows, or has reason to know, that it sends its emails containing false and misleading subject lines to Washington residents. Mixbook knows where recipients of its emails reside because (i) Mixbook has physical addresses associated with recipients' accounts or orders; and (ii) Mixbook has access to data regarding the recipient including the recipient's state of residence, such as geocoordinate and IP address tracking in Mixbook's promotional emails.

36. Mixbook also knows what sales it is offering and knows that, in truth, it almost always offers sales and its sales are not truly ending soon.

37. Mixbook's commercial emails containing false and misleading information about its fake sales clog up inboxes with spam email, waste limited data space, and violate Plaintiff's and putative class members' statutory right to be free from deceptive commercial emails.

38. Plaintiff was not, and putative class members are not, aware that Mixbook's email subject lines are false and misleading. Reasonable consumers are not monitoring Mixbook's website and tracking its discounts every day for months or years to determine whether or not the sales are real, and whether or not the email subject lines promoting those sales are true.

**C. No adequate remedy at law.**

39. Plaintiff seeks an injunction. Plaintiff is permitted to seek an injunction because he has no adequate remedy at law. Legal remedies here are not adequate because they would not stop Mixbook from continuing to transmit emails with false or misleading subject lines to Washington residents.

40. CEMA gives Plaintiff a clear right not to receive commercial emails that have false or misleading subject lines and Plaintiff does not want to receive such emails. Mixbook has sent emails to Plaintiff for years so he has a well-grounded fear that Mixbook will continue to violate his right to be free of such commercial emails.

41. Mixbook's sending of false and misleading commercial emails also results in actual and substantial injury to Plaintiff. First, it violates his statutory right not to receive commercial emails that

contain false or misleading subject lines, which the legislature has deemed to be a "matter[] vitally affecting the public interest." RCW 19.190.030. Violation of a right that vitally affects the public interest results in actual and substantial harm to Plaintiff and putative class members. Second, as described above, these deceptive promotions also cause harm by clogging up Plaintiff's inbox, wasting email storage space, and creating a false sense of urgency to purchase Defendant's products. So, while Plaintiff would like to receive truthful information from Mixbook, he does not want to receive emails with false and misleading subject lines. Due to Mixbook's conduct, Plaintiff cannot tell which emails from Mixbook contain truthful information and which emails are spam with false and misleading information designed to spur him into making a purchase. Without a court order requiring Mixbook to send only honest emails about its sales, he cannot rely on the emails he receives thereby causing actual and substantial injury.

## V. Class action allegations.

42. Plaintiff brings the asserted claims on behalf of the proposed class of:

- all Washington residents who received promotional emails from Mixbook with subject lines advertising sales or discounts on Mixbook Products.

43. The following people are excluded from the proposed class: (1) any Judge or Magistrate Judge presiding over this action and the members of their family; (2) Defendant, Defendant's subsidiaries, parents, successors, predecessors, and any entity in which the Defendant or its parents have a controlling interest and their current employees, officers and directors; (3) persons who properly execute and file a timely request for exclusion from the class; (4) persons whose claims in this matter have been finally adjudicated on the merits or otherwise released; (5) Plaintiff's counsel and Defendant's counsel, and their experts and consultants; and (6) the legal representatives, successors, and assigns of any such excluded persons.

***Numerosity***

44. The proposed class contains members so numerous that separate joinder of each member of the class is impractical. There are at least thousands of Class members in Washington.

45. Class members can be identified through Mixbook's electronic mailing lists.

*Existence of Common Questions*

46. There are questions of law and fact common to the proposed class. Common questions of law and fact include, without limitation:

(1) whether Defendant's email subject lines regarding its purported discounts are false or misleading;

(2) whether Defendant's email subject lines violate CEMA;

(3) whether Defendant's email subject lines violate the CPA;

(4) the greater of actual damages or statutory damages due to Plaintiff and the proposed Class.

*Typicality & Adequacy*

47. Like members of the proposed Class, Plaintiff received emails from Mixbook that contain false or misleading subject lines regarding Mixbook's discounts.

48. There are no conflicts of interest between Plaintiff and the Class.

*Superiority*

49. A class action is superior to all other available methods for the fair and efficient adjudication of this litigation because individual litigation of each claim is impractical. It would be unduly burdensome to have individual litigation of thousands of individual claims in separate lawsuits, every one of which would present the issues presented in this lawsuit.

## VI. Claims.

### Count 1: Violations of Washington's Commercial Electronic Mail Act

**(By Plaintiff and the Class)**

50. Plaintiff incorporates each and every factual allegation set forth above and below.

51. Plaintiff brings this cause of action on behalf of himself and members of the Class.

52. CEMA prohibits the sending of a commercial email that "[c]ontains false or misleading information in the subject line." RCW 19.190.020. Advertising fake discounts in the subject line of a promotional email, with fake time pressure, violates CEMA. *Brown v. Old Navy LLC*, 567 P.3d 38 (Wash. 2025).

53. Mixbook is a "person" under CEMA. RCW 19.190.010(11).



Dovel & Luner, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, CA 90401
(310) 656-7066

54. As alleged more fully above, Mixbook violated CEMA by initiating the transmission of commercial electronic mail messages that contained false or misleading information in the subject line to Plaintiff's and Class members' electronic mail addresses.

55. Mixbook's email subject lines stating the purported discount recipients will receive if recipients purchase during the sale are false and misleading because, as discussed above, consumers do not truly receive the discounts Mixbook advertises. Instead, because substantial discounts are almost always available, the purported discounts are illusory.

56. Mixbook's email subject lines stating the supposed duration of its sales are false and misleading because, as discussed above, Mixbook's sales are almost always available.

57. Mixbook sent these emails to Plaintiff and Class members for the purpose of promoting Mixbook's Products for sale.

58. As a result, these promotional emails contain false or misleading information in the subject line, in violation of CEMA

59. Mixbook knew or had reason to know that it transmitted such emails to email addresses held by Washington residents, including Plaintiff.

60. Based on the emails Mixbook sent to Plaintiff, Mixbook has sent at least thousands of emails to Washington recipients, with similar false or misleading subject lines.

61. Mixbook's acts and omissions violated RCW 19.190.020(1)(b).

62. Mixbook's acts and omissions injured Plaintiff and Class members.

63. The balance of equities favors the entry of permanent injunctive relief against Mixbook. Plaintiff, the members of the Class, and the general public will be irreparably harmed absent the entry of permanent injunctive relief against Mixbook. A permanent injunction against Mixbook is in the public interest. Mixbook's unlawful behavior is ongoing as of the date of the filing of this pleading, so without the entry of a permanent injunction, Mixbook's unlawful behavior will not cease and, in the unlikely event that it voluntarily ceases, is likely to reoccur.

64. Plaintiff and Class members are therefore entitled to injunctive relief in the form of an order enjoining further violations of RCW 19.190.020(1)(b).



Dovel & Luner, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, CA 90401
(310) 656-7066

**Count 2: Violations of the Washington Consumer Protection Act via misleading emails**

**(By Plaintiff and the Class)**

65. Plaintiff incorporates each and every factual allegation set forth above and below.

66. Plaintiff brings this cause of action on behalf of himself and members of the Class.

67. Plaintiff and Class members are "persons" within the meaning of the CPA. RCW 19.86.010(1).

68. As alleged above, Mixbook violated CEMA by initiating the transmission of commercial electronic mail messages to Plaintiff and Class members that contained false or misleading information in the subject line.

69. A violation of CEMA is a per se violation of the CPA. RCW 19.190.030(1).

70. A violation of CEMA establishes all elements of the CPA as a matter of law.

71. As alleged more fully above, Mixbook's transmission of commercial electronic messages to Plaintiff and Class members that contained false or misleading information in the subject line also violates the CPA because it constitutes unfair or deceptive practices that occur in trade or commerce.

***Unfair Acts or Practices***

72. As alleged in detail above, Mixbook committed "unfair" acts by falsely stating in email subject lines that it was offering a discount off the regular prices of its Products, and that customers could receive that discount only by purchasing during the sale period, when none of this was true.

73. The harm to Plaintiff and the Class greatly outweighs the public utility of Mixbook's conduct. There is no public utility to misrepresenting whether Mixbook's Products are discounted and misrepresenting the duration of its sales. Plaintiff and the Class's injuries were not outweighed by any countervailing benefits to consumers or competition. Misleading consumers only injures healthy competition and harms consumers.

***Deceptive Acts or Practices***

74. As alleged in detail above, Mixbook's representations in email subject lines regarding the amount of discount that an email recipient could receive and the duration of the supposed sale was deceptive.

75. Mixbook's representations were likely to deceive, and did deceive, Plaintiff and other reasonable recipients. Mixbook knew, or should have known through the exercise of reasonable care, that these statements were inaccurate and misleading.

76. Mixbook's unfair or deceptive acts or practices vitally affect the public interest and thus impact the public interest for purposes of applying the CPA. RCW 19.190.030(3); RCW 19.190.100.

77. Mixbook's acts and omissions caused injury to Plaintiff and Class members. In addition, violations of CEMA establish the injury and causation elements of a CPA claim as a matter of law.

78. Under the CPA, "[p]rivate rights of action may … be maintained for recovery of actual damages, costs, and a reasonable attorney's fee. A private plaintiff may be eligible for treble damages," and "may obtain injunctive relief, even if the injunction would not directly affect the individual's own rights." Washington Pattern Jury Instruction Civil No. 310.00 (Consumer Protection Act—Introduction) (internal citations omitted); RCW 19.86.090.

79. Under the CPA, Plaintiff and Class members are entitled to, and seek, the greater of actual damages and statutory damages of $500 per email that violates CEMA. In addition, Plaintiff and Class members seek treble damages, which are permitted under the CPA, including for CEMA violations. Plaintiff seeks treble damages to further Plaintiff's and Class members' financial rehabilitation, encourage citizens to bring CPA actions, deter Mixbook and other persons from committing CEMA violations, and punish Mixbook for its false and misleading advertising practices.

80. Plaintiff and Class members are also entitled to, and seek, injunctive relief prohibiting Mixbook's further violations of the CPA.

## VII. Jury Demand.

81. Plaintiff demands the right to a jury trial on all claims so triable.

## VIII. Prayer for Relief.

82. Plaintiff seeks the following relief for himself and the proposed class:

- An order certifying the asserted claims, or issues raised, as a class action;
- A judgment in favor of Plaintiff and the proposed class;

- The greater of actual or statutory damages, treble damages, and punitive damages where applicable;
- Pre- and post-judgment interest;
- An injunction prohibiting Mixbook's deceptive conduct, as allowed by law;
- Reasonable attorneys' fees and costs, as allowed by law;
- Any additional relief that the Court deems reasonable and just.

Dated: September 16, 2025

Respectfully submitted,

By: /s/ Cody Hoesly

Cody Hoesly (WA Bar No. 41190)
choesly@bargsinger.com
BARG SINGER HOESLY PC
121 SW Morrison St., Ste. 600
Portland, OR 97204
Ph. (503) 241-3311

Jonas B. Jacobson (WA Bar No. 62890)
jonas@dovel.com
Vivek Kothari (OR Bar No. 182089)*
vivek@dovel.com
DOVEL & LUNER, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, California 90401
Telephone: (310) 656-7066
Facsimile: +1 (310) 656-7069

*Counsel for Plaintiff*

**Pro Hac Vice* applications forthcoming

FILED
2025 SEP 16 02:45 PM
KING COUNTY
SUPERIOR COURT CLERK
E-FILED
CASE #: 25-2-26946-9 SEA

**IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON**
**FOR THE COUNTY OF KING**

| | |
|---|---|
| KELLEY<br><br>VS<br><br>INTERACTIVE MEMORIES, INC. D/B/A MIXBOOK | No. 25-2-26946-9 SEA<br><br>**CASE INFORMATION COVER SHEET AND AREA DESIGNATION**<br><br>(CICS) |

**CAUSE OF ACTION**

CPA - Consumer Protection Act

**AREA OF DESIGNATION**

SEA — Defined as all King County north of Interstate 90 and including all of Interstate 90 right of way, all of the cities of Seattle, Mercer Island, Issaquah, and North Bend, and all of Vashon and Maury Islands.

FILED
2025 SEP 16 02:45 PM
KING COUNTY
SUPERIOR COURT CLERK
E-FILED
CASE #: 25-2-26946-9 SEA

**IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON**
**FOR THE COUNTY OF KING**

| | |
|---|---|
| JOSEPH KELLEY<br><br>Plaintiff(s)<br>vs<br><br>INTERACTIVE MEMORIES, INC. D/B/A MIXBOOK<br><br>Defendant(s) | No. 25-2-26946-9 SEA<br><br>**ORDER SETTING CIVIL CASE SCHEDULE**<br><br>**ASSIGNED JUDGE: Sandra E Widlan, Dept. 53**<br><br>FILED DATE: 09/16/2025<br>TRIAL DATE:09/21/2026 |

A civil case has been filed in the King County Superior Court and will be managed by the Case Schedule on Page 3 as ordered by the King County Superior Court Presiding Judge.

## I. NOTICES

**NOTICE TO PLAINTIFF:**
The Plaintiff may serve a copy of this **Order Setting Case Schedule (*Schedule*)** on the Defendant(s) along with the ***Summons and Complaint/Petition***. Otherwise, the Plaintiff shall serve the *Schedule* on the Defendant(s) within 10 days after the later of: (1) the filing of the ***Summons and Complaint/Petition*** or (2) service of the Defendant's first response to the ***Complaint/Petition***, whether that response is a ***Notice of Appearance***, a response, or a Civil Rule 12 (CR 12) motion. The ***Schedule*** may be served by regular mail, with proof of mailing to be filed promptly in the form required by Civil Rule 5 (CR 5).

**NOTICE TO ALL PARTIES:**
All attorneys and parties should make themselves familiar with the King County Local Rules [*KCLCR*] -- especially those referred to in this ***Schedule***. In order to comply with the ***Schedule***, it will be necessary for attorneys and parties to pursue their cases vigorously from the day the case is filed. For example, discovery must be undertaken promptly in order to comply with the deadlines for joining additional parties, claims, and defenses, for disclosing possible witnesses [*See KCLCR 26*], and for meeting the discovery cutoff date [*See KCLCR 37(g)*].

**You are required to give a copy of these documents to all parties in this case.**

## I. NOTICES (continued)

**CROSSCLAIMS, COUNTERCLAIMS AND THIRD-PARTY COMPLAINTS:**
A statuary filing fee must be paid when any answer that includes additional claims is filed in an existing case.

**KCLCR 4.2(a)(2)**
A Confirmation of Joinder, Claims and Defenses or a Statement of Arbitrability must be filed by the deadline in the schedule. The court will review the confirmation of joinder document to determine if a hearing is required. If a Show Cause order is issued, all parties cited in the order must appear before their Chief Civil Judge.

**PENDING DUE DATES CANCELED BY FILING PAPERS THAT RESOLVE THE CASE:**
When a final decree, judgment, or order of dismissal of all parties and claims is filed with the Superior Court Clerk's Office, and a courtesy copy delivered to the assigned judge, all pending due dates in this *Schedule* are automatically canceled, including the scheduled Trial Date. It is the responsibility of the parties to 1) file such dispositive documents within 45 days of the resolution of the case, and 2) strike any pending motions by notifying the bailiff to the assigned judge.

Parties may also authorize the Superior Court to strike all pending due dates and the Trial Date by filing a *Notice of Settlement* pursuant to KCLCR 41, and forwarding a courtesy copy to the assigned judge. If a final decree, judgment or order of dismissal of all parties and claims is not filed by 45 days after a *Notice of Settlement*, the case may be dismissed with notice.

**If you miss your scheduled Trial Date**, the Superior Court Clerk is authorized by KCLCR 41(b)(2)(A) to present an *Order of Dismissal*, without notice, for failure to appear at the scheduled Trial Date.

**NOTICES OF APPEARANCE OR WITHDRAWAL AND ADDRESS CHANGES:**
*All parties to this action must keep the court informed of their addresses.* When a Notice of Appearance/Withdrawal or Notice of Change of Address is filed with the Superior Court Clerk's Office, parties must provide the assigned judge with a courtesy copy.

**ARBITRATION FILING AND TRIAL DE NOVO POST ARBITRATION FEE:**
A Statement of Arbitrability must be filed by the deadline on the schedule **if the case is subject to mandatory arbitration** and service of the original complaint and all answers to claims, counterclaims and crossclaims have been filed. If mandatory arbitration is required after the deadline, parties must obtain an order from the assigned judge transferring the case to arbitration. **Any party filing a Statement must pay a statutory arbitration fee.** If a party seeks a trial de novo when an arbitration award is appealed, a statutory fee must be paid and the request for trial de novo must be filed with the Clerk's Office Cashiers.

**NOTICE OF NON-COMPLIANCE FEES:**
**All** parties will be assessed a fee authorized by King County Code 4A.630.020 whenever the Superior Court Clerk must send notice of non-compliance of schedule requirements and/or Local Civil Rule 41.

**King County Local Rules are available for viewing at www.kingcounty.gov/courts/clerk.**

## II. CASE SCHEDULE

| * | CASE EVENT | EVENT DATE |
|---|---|---|
| | Case Filed and Schedule Issued. | 09/16/2025 |
| * | Last Day for Filing Statement of Arbitrability without a Showing of Good Cause for Late Filing [*See KCLMAR 2.1(a) and Notices on Page 2*]. **$250 arbitration fee must be paid** | 02/24/2026 |
| * | **DEADLINE** to file Confirmation of Joinder if not subject to Arbitration [*See KCLCR 4.2(a) and Notices on Page 2*]. | 02/24/2026 |
| | **DEADLINE** for Hearing Motions to Change Case Assignment Area [*KCLCR 82(e)*]. | 03/10/2026 |
| | **DEADLINE** for Disclosure of Possible Primary Witnesses [*See KCLCR 26(k)*]. | 04/20/2026 |
| | **DEADLINE** for Disclosure of Possible Additional Witnesses [*See KCLCR 26(k)*]. | 06/01/2026 |
| | **DEADLINE** for Jury Demand [*See KCLCR 38(b)(2)*]. | 06/15/2026 |
| | **DEADLINE** for a Change in Trial Date [*See KCLCR 40(e)(2)*]. | 06/15/2026 |
| | **DEADLINE** for Discovery Cutoff [*See KCLCR 37(g)*]. | 08/03/2026 |
| | **DEADLINE** for Engaging in Alternative Dispute Resolution [*See KCLCR 16(b)*]. | 08/24/2026 |
| | **DEADLINE**: Exchange Witness & Exhibit Lists & Documentary Exhibits [*KCLCR 4(j)*]. | 08/31/2026 |
| * | **DEADLINE** to file Joint Confirmation of Trial Readiness [*See KCLCR 16(a)(1)*] | 08/31/2026 |
| | **DEADLINE** for Hearing Dispositive Pretrial Motions [*See KCLCR 56; CR 56*]. | 09/08/2026 |
| * | Joint Statement of Evidence [*See KCLCR 4 (k)*] | 09/14/2026 |
| | **DEADLINE** for filing Trial Briefs, Proposed Findings of Fact and Conclusions of Law and Jury Instructions (Do not file proposed Findings of Fact and Conclusions of Law with the Clerk) | 09/14/2026 |
| | Trial Date [*See KCLCR 40*]. | 09/21/2026 |

*The * indicates a document that must be filed with the Superior Court Clerk's Office by the date shown.*

## III. ORDER

Pursuant to King County Local Rule 4 [*KCLCR 4*], IT IS ORDERED that the parties shall comply with the schedule listed above. Penalties, including but not limited to sanctions set forth in Local Rule 4(g) and Rule 37 of the Superior Court Civil Rules, may be imposed for non-compliance. It is FURTHER ORDERED that the party filing this action **must** serve this *Order Setting Civil Case Schedule* and attachment on all other parties.

DATED: 09/16/2025

[signature]

PRESIDING JUDGE

FILED
2025 SEP 23 11:57 AM
KING COUNTY
SUPERIOR COURT CLERK
E-FILED
CASE #: 25-2-26946-9 SEA

# AFFIDAVIT OF SERVICE

**THE SUPERIOR COURT OF THE STATE OF WASHINGTON**
**IN AND FOR THE COUNTY OF KING**

JOSEPH KELLEY, individually and on behalf of all others similarly situated

Plaintiff(s)

v.

INTERACTIVE MEMORIES, INC. d/b/a MIXBOOK

Defendant(s)

Case No.:25-2-26946-9 SEA
Cody Hoesly 41190
BARG SINGER HOESLY PC
121 SW Morrison St., Ste. 600
Portland, OR 97204
(503) 241-3311
*Attorneys for the Plaintiff*

Client File# pblank@bargsinger.com

The undersigned, being first duly sworn on oath deposes and says: That he/she is now and at all times herein mentioned was a citizen of the United States, over the age of eighteen years, not a party to or interested in the above entitled action and competent to be a witness therein.

That on 9/18/2025 at 8:39 AM at the address of 251 Little Falls Dr, Wilmington, within New Castle County, DE, the undersigned duly served the following document(s): SUMMONS (60 Days); CLASS ACTION COMPLAINT; CASE INFORMATION COVER SHEET AND AREA DESIGNATION; ORDER SETTING CIVIL CASE SCHEDULE in the above entitled action upon INTERACTIVE MEMORIES, INC. d/b/a MIXBOOK, by then and there personally delivering true and correct set(s) of the above documents by leaving with Corporation Service Company, Registered Agent, by placing documents in a designated CSC basket, in the presence of Denise 'Doe', CSC Agent (names are not divulged).

Physical description of person served: Gender: Female | Race: Caucasian | Age: 52 | Height: 5'2 | Weight: 150 | Hair: Brown

I declare under penalty of perjury under the laws of the state of that the foregoing is true and correct.

That the fee for this Service is $ 232.57

9/19/2025

Selena Cabrera
County:
1609 James M Wood Blvd.
Los Angeles, CA 90015
(213) 249-9999

Order #:LA693109
Their File pblank@bargsinger.com

# EXHIBIT F

CSC

# Notice of Service of Process

null / ALL
**Transmittal Number:** 32397925
**Date Processed:** 10/03/2025

| | |
|---|---|
| **Primary Contact:** | Nick Laboa<br>Interactive Memories, Inc.<br>2000 Broadway St<br>Redwood City, CA 94063-1802 |

| | |
|---|---|
| **Entity:** | Interactive Memories, Inc.<br>Entity ID Number 2487204 |
| **Entity Served:** | Interactive Memories, Inc. D/B/A Mixbook |
| **Title of Action:** | Joseph Kelley, individually and on behalf of all others similarly situated vs. Interactive Memories, Inc. D/B/A Mixbook |
| **Matter Name/ID:** | Joseph Kelley, individually and on behalf of all others similarly situated vs. Interactive Memories, Inc. D/B/A Mixbook (17910461) |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Class Action |
| **Court/Agency:** | King County Superior Court, WA |
| **Case/Reference No:** | 25-2-26946-9 SEA |
| **Jurisdiction Served:** | Delaware |
| **Date Served on CSC:** | 09/18/2025 |
| **Answer or Appearance Due:** | 60 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| Sender Information: | Dovel & Luner, LLP<br>310-656-7066 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**
251 Little Falls Drive, Wilmington, Delaware 19808-1674 (888) 690-2882 | sop@cscglobal.com

THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF KING

| | |
|---|---|
| JOSEPH KELLEY, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>INTERACTIVE MEMORIES, INC. d/b/a MIXBOOK.,<br><br>Defendant. | Case No. 25-2-26946-9 SEA<br><br>SUMMONS (60 Days) |

**TO: Defendant Interactive Memories, Inc. d/b/a Mixbook**

A lawsuit has been started against you in the above-entitled Court by Joseph Kelley, individually and on behalf of all others similarly situated, Plaintiff. Plaintiff's claim is stated in the written Complaint, a copy of which is served upon you with this Summons.

In order to defend against this lawsuit, you must respond to the Complaint by stating your defense in writing, and serve a copy upon the undersigned attorney for the Plaintiff within 60 days after the service of this Summons, excluding the day of service, or a default judgment may be entered against you without notice. A default judgment is one where Plaintiff is entitled to what it asks for because you have not responded. If you serve a notice of appearance on the undersigned attorney, you are entitled to notice before a default judgment may be entered.

You may demand that the Plaintiff file this lawsuit with the Court. If you do so, the demand must be in writing and must be served upon the Plaintiff. Within 14 days after you serve the demand, the Plaintiff must file this lawsuit with the Court, or the service on you of this Summons and Complaint will be void.

If you wish to seek the advice of an attorney in this matter, you should do so promptly so that your written response, if any, may be served on time.

This Summons is issued pursuant to Rule 4 of the Superior Court Civil Rules of the State of Washington.

Dated: September 16, 2025.

Cody Hoesly, WSBA #41190
choesly@bargsinger.com
121 SW Morrison Street, Suite 600
Portland, Oregon 97204
Telephone: 503-241-3311
Attorney for Plaintiff

STATE OF OREGON )
) ss.
COUNTY OF MULTNOMAH )

I, the undersigned attorney of record for the plaintiff, certify that the foregoing is an exact and complete copy of the original summons in the above-entitled actions.

Attorney for Plaintiff

TO THE OFFICER OR OTHER PERSON SERVING THIS SUMMONS: You are hereby directed to serve a true copy of this summons, together with a true copy of the complaint mentioned therein, upon the individual(s) or other legal entity(ies) to whom or which this summons is directed, and to make your proof of service on the reverse hereof or upon a separate similar document which you shall attach hereto.

Attorney for Plaintiff

FILED
2025 SEP 16 02:45 PM
KING COUNTY
SUPERIOR COURT CLERK
E-FILED
CASE #: 25-2-26946-9 SEA

SUPERIOR COURT OF THE STATE OF WASHINGTON
KING COUNTY

| | |
|---|---|
| JOSEPH KELLEY, individually and on behalf of all others similarly situated,<br><br>*Plaintiff,*<br><br>vs.<br><br>INTERACTIVE MEMORIES, INC. d/b/a MIXBOOK,<br><br>*Defendant.* | Case No.<br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY DEMAND** |



Dovel & Luner, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, CA 90401
(310) 656-7066

## Table of Contents


I. Introduction. .......... 1

II. Parties. .......... 1

III. Jurisdiction and Venue. .......... 2

IV. Facts. .......... 2

A. Mixbook advertises fictitious, supposedly time-limited discounts on its website. .......... 2

B. Mixbook sends false and misleading emails to promote its fake sales .......... 7

C. No adequate remedy at law. .......... 14

V. Class action allegations. .......... 15

VI. Claims .......... 16

Count 1: Violations of Washington's Commercial Electronic Mail Act (By Plaintiff and the Class) .......... 16

Count 2: Violations of the Washington Consumer Protection Act via misleading emails .......... 18

VII. Jury Demand. .......... 19

VIII. Prayer for Relief. .......... 19




Dovel & Luner, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, CA 90401
(310) 656-7066

## I. Introduction.

1. Deceptive marketing emails plague consumers' inboxes. To put an end to this, the Washington legislature enacted the Washington Commercial Electronic Mail Act ("CEMA"), RCW 19.190. CEMA prohibits any person from sending a commercial email with a false or misleading subject line. RCW 19.190.020.

2. Defendant Interactive Memories, Inc. ("Defendant" or "Mixbook") manufactures, distributes, markets, and sells personalized photo books, calendars, cards, and home décor online through the Mixbook brand and website, www.mixbook.com ("Mixbook Products" or "Products").

3. Defendant's website advertises discounts off of the regular prices for its Products. And Defendant sends commercial emails to Washington residents with subject lines promoting these discounts, for example, "Up to 45% OFF ends tomorrow!"

4. Defendant's advertised discounts, however, are made up. Unlike legitimate discounts—where the seller offers a special, lower-than-usual price for a limited period of time—Defendant's discounts persist continuously. On any given day, steep discounts off of Defendant's supposed list prices are always available. As a result, Defendant's advertised regular prices, advertised discounts, and advertised expiration dates are all false and misleading. And so—when Defendant puts these false and misleading advertisements in the subject line of an email, Defendant violates CEMA (as well as Washington's Consumer Protection Act or "CPA"). *Brown v. Old Navy LLC*, 567 P.3d 38 (Wash. 2025).

5. Plaintiff is a Washington resident who received emails from Mixbook promoting Defendant's made up discounts in the subject line. Plaintiff brings this case to protect Washington residents from Mixbook's false and misleading emails about its purported discounts.

## II. Parties.

6. Plaintiff Joseph Kelley is domiciled in Woodinville, Washington.

7. The proposed class includes citizens of Washington.

8. Defendant Interactive Memories, Inc. is a Delaware company with its principal place of business at 2000 Broadway Street, Redwood City, CA 94063.



Dovel & Luner, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, CA 90401
(310) 656-7066

## III. Jurisdiction and Venue.

9. This Court has subject matter jurisdiction under the Washington State Constitution, which sets forth the jurisdiction of Washington Superior Courts. This Court also has subject matter jurisdiction under the Consumer Protection Act ("CPA"), RCW 19.86.090, and the Commercial Electronic Mail Act ("CEMA"), RCW 19.190.090, which give Washington Superior Courts jurisdiction over claims brought under CEMA and the CPA.

10. This Court has personal jurisdiction over Defendant under RCW 4.28.185. Defendant transacts business in Washington. The claims giving rise to this action arise from Defendant's transaction of business in this state and also Defendant's purposeful transmission of electronic mail messages to Washington residents. This Court also has personal jurisdiction over Defendant under RCW 19.86.160 because Defendant has engaged in conduct in violation of the CPA that has had an impact in Washington.

11. Venue is proper in King County Superior Court because Defendant resides here for purposes of venue. RCW 4.12.025. At all relevant times, Defendant has transacted business in King County, including by selling products to customers living in King County and by sending electronic mail messages to residents of King County, including to Plaintiff.

## IV. Facts.

### A. Mixbook advertises fictitious, supposedly time-limited discounts on its website.

12. Mixbook manufactures, distributes, markets, and sells personalized photo books, calendars, cards, and home décor. Mixbook sells its Products directly to consumers online, through its website, www.mixbook.com.

13. At any given time, on its website, Defendant advertises steep discounts on its Products. These advertisements offer significant discounts sitewide alongside a supposed end date of the discount. Reasonable consumers reasonably interpret Defendant's advertisements to mean that if they buy now, they will be getting a discount from the prices that Defendant usually charges for its Products. Defendant advertises these discounts extensively: on a banner at the top of its website pages; in a large



Dovel & Luner, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, CA 90401
(310) 656-7066

banner image on its homepage; on its product pages, shopping cart, and during checkout. Example screenshots are provided on the following pages:




*Captured March 7, 2023*[1]




*Captured August 19, 2023*




*Captured March 14, 2024*




*Captured September 25, 2024*




*Captured October 22, 2024*

[1] The Internet Archive's Wayback Machine identifies this screenshot as having been taken on March 7, 2023 even though the advertisement is listed as ending on March 6, 2023.



Dovel & Luner, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, CA 90401
(310) 656-7066




*Captured November 9, 2024*




*Captured July 3, 2025*




*Shopping Cart*



Dovel & Luner, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, CA 90401
(310) 656-7066




*Checkout*

14. In truth, however, Defendant's discounts do not expire. Immediately after each purportedly time-limited sale ends, Defendant either extends the same discount, or replaces it with a substantially similar discount with a new expiration date.

15. For example, on July 9, 2024, Defendant advertised a purportedly time-limited sale (up to 45% off) that "Ends: 07/10":




16. On July 11, 2024, however, Defendant advertised the same sale, this time one that supposedly "Ends: 07/15":




17. To confirm that Defendant always offers discounts off purported regular prices, Plaintiff's counsel performed an investigation of Defendant's advertising practices using the Internet Archive's Wayback Machine (available at www.archive.org).[2] That investigation confirms that

[2] The Internet Archive, available at archive.org, is a library that archives web pages. https://archive.org/about/.



Dovel & Luner, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, CA 90401
(310) 656-7066

Defendant's sales are always available. Counsel collected 58 randomly selected screenshots of Defendant's website, www.mixbook.com, from the Internet Archive's Wayback Machine, from 2023-2025. Counsel also collected screenshots directly from Defendant's website in 2025 from 49 different days. A review of these screenshots confirmed that Defendant's sales have persisted continuously for years. On every single day for which counsel reviewed Defendant's website, Defendant advertised a sitewide discount.

18. The vast majority of the time, Defendant's advertised discounts apply to everything or "almost everything" sold on Defendant's website, with no minimum purchase.[3] A small minority of the time, the sitewide sales advertised on the home page require a minimum purchase, usually $49. The list prices for Defendant's Products typically exceed the minimum purchase requirement on days that have one, meaning that even on days that include a minimum purchase requirement, the advertised discount always applies to the vast majority of Products Defendant sells. In addition, Defendant usually or always is also running *additional* promotions not advertised on the home page that apply to everything or "almost everything," with no minimum purchase requirement. For example, on July 25, 2025—a day when the sale advertised on the homepage included a minimum purchase requirement of $49—Defendant was also offering the following promotion (described on the "Promo Terms" page at https://www.mixbook.com/promo/terms):

Promo code: **MXDLS25** | Expires 7/31

**50% Off Favorites:** This offer is only valid with coupon code MXDLS25. Enjoy 50% off 12X12" photo books, 14X11" calendars, premium cards, and all canvas prints. Receive 25% off almost everything else. This offer is not valid for 6X6" photo books and all Softcover photo books. This offer cannot be combined with other coupons, vouchers, Groupons, or applied after an order has been placed. Discount applies only to completed projects. No adjustments on previous purchases. Taxes will apply. Offer expires 7/31/2025 (11:59 pm PT).

**Semi Gloss, Signature Matte - Glossy Hardcover**
8x6 - 25%
11x8.5 - 25%
8.5x11 - 25%
8.5x8.5 - 25%
10x10 - 25%
12x12 - 50%
14x11 - 25%

**Semi Gloss, Signature Matte - Matte Hardcover**
8x6 - 25%
11x8.5 - 25%
8.5x11 - 25%
8.5x8.5 - 25%
10x10 - 25%
12x12 - 50%
14x11 - 25%

**Premium Lustre Hardcover - Matte Hardcover**
8x6 - 25%
11x8.5 - 25%
8.5x11 - 25%
8.5x8.5 - 25%
10x10 - 25%
12x12 - 50%
14x11 - 25%

**Dust Jacket**
8x6 - 25%
11x8.5 - 25%
8.5x11 - 25%
8.5x8.5 - 25%
10x10 - 25%
12x12 - 50%
14x11 - 25%

**Signature Lay Flat (Matte and Lustre) - Matte Hardcover**
11x8.5 - 25%
8.5x11 - 25%
8.5x8.5 - 25%
10x10 - 25%
12x12 - 50%

**Premium Lay Flat (Matte and Lustre) - Matte Hardcover**
11x8.5 - 25%
8.5x11 - 25%
8.5x8.5 - 25%
10x10 - 25%
12x12 - 50%

**Calendars**
11x8.5 - 25%
12x12 - 25%
14x11 - 50%

**Cards**
All Satin Coated - 25%
All Signature Matte - 25%
Pearl Finish - 25%
All Premium - 50%
Cotton Texture - 25%
Luxe Board - 25%
Magnet - 0%

**Address Labels**
Address Labels - 25%
Labels - 25%
Envelopes - 25%

**Canvas Prints**
8x10 - 50%
11x14 - 50%
16x20 - 50%
20x30 - 50%
24x36 - 50%

**Metal Prints**
4x6 - 25%
5x7 - 25%
8x10 - 25%
14x11 - 25%
20x16 - 25%
30x20 - 25%
24x36 - 25%

**Acrylic Prints**
6x6 - 25%
11x14 - 25%
16x20 - 25%
20x30 - 25%

**Poster Prints**
11x14 - 25%
16x20 - 25%
20x30 - 25%
24x36 - 25%

[3] The following items are excluded from Defendant's sales on "almost everything": 6x6 photo books, all Softcover photobooks, and magnets.



Dovel & Luner, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, CA 90401
(310) 656-7066

**B. Mixbook sends false and misleading emails to promote its fake sales.**

19. To promote the supposed discounts it advertises on its website, Mixbook sends commercial emails to consumers on its mailing list. The subject lines of those emails frequently advertise supposed sales that are available on Defendant's products, for example, "Mystery Flash Sale". They also frequently advertise steep percent-off discounts, for example, "Up to 50% OFF" or "get 50% off almost everything." The subject lines also frequently represent that the sale is limited in time and is ending soon, for example: "TODAY ONLY" and "Last chance".

20. Defendant's subject lines are false and misleading. First, Defendant's email subject lines state that a special sale is going on (for example, "Mystery Flash Sale"). To reasonable consumers, this means that a sale is running that allows them to purchase Products at a lower-than-usual price. Second, Defendant's email subject lines state that the recipient will receive a certain percentage discount (for example, "Up to 50% OFF") if they buy during a specified timeframe. To reasonable consumers, this conveys that if they buy during the sale, they will receive the specified percentage off *Defendant's regular prices*, i.e., the price at which Mixbook typically sells the Products, sold the Products at before the promotion started, and will sell the Products again when the promotion ends. But here, because Defendant always offers significant, materially similar, sitewide discounts, consumers who buy during a supposed sale do not actually have the chance to buy Defendant's Products at a lower-than-usual price. Nor do they get the advertised discount off of Mixbook's regular prices. Instead, they get a much smaller discount, or no discount at all. In other words, based on Defendant's email subject lines, reasonable recipients believe that if they buy during a sale they will receive a real discount off of Defendant's true regular prices, but in fact what they receive is a nominal discount off of fictitious, inflated prices at which Defendant's products are rarely, if ever, sold. So these email subject lines are false or, at a minimum, misleading.

21. Second, Defendant's email subject lines often state that the discounts are limited-duration or ending soon (for example, "TODAY ONLY," "last chance", or "ends tomorrow"). To reasonable consumers, these statements convey that the advertised discount is only available for a limited period and that, after the period ends (i.e. after "TODAY"), Defendant's products will go back



Dovel & Luner, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, CA 90401
(310) 656-7066

to retailing at the price to which the discount (such as "50% Off") is applied. But in reality, after the specified time period, Defendant either continues the supposedly "TODAY ONLY" sale, or replaces it with a materially similar sale offering materially similar discounts on all or nearly all of Defendant's products. So email subject lines that contain these statements are false or, at a minimum, misleading, for this additional reason.

22. Mixbook sends these emails for the purpose of promoting its goods for sale and to drive sales. By misrepresenting the amount of its supposed discounts and the duration of its supposed sales, Mixbook creates a false sense of urgency. And Mixbook compounds this sense of urgency by accompanying the promise of deals with statements like "TODAY ONLY" and "Last Chance." Recipients who read Defendant's email subject lines believe that if they act now, they can purchase a higher value item at a limited-time discount. If they wait, then the discount will expire and they will have to pay the former or regular price.

23. Defendant routinely sends these kinds of deceptive emails to Plaintiff and other class members, and has done so throughout the statute of limitations period. Below are three examples.

24. On August 26, 2023, Mixbook sent a commercial email to Plaintiff and other class members with a subject line that read, "TODAY ONLY: Up to 50% OFF":





Dovel & Luner, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, CA 90401
(310) 656-7066

25. Based on the representations in the subject line, reasonable recipients of the August 26, 2023 email, including Plaintiff, believed that if they purchased during the sale, they would receive this special discount off of the regular and former prices of Mixbook's Products. They also believed that Mixbook was offering a limited time sale that was ending "TODAY," i.e., that after today (August 26), customers would no longer be able to receive "up to 50% OFF." And they believed that, if they were to wait (in this case until tomorrow), that the sale would be over and the Products' prices would return to their regular prices (the prices to which "up to 50% OFF") is applied.

26. But "TODAY" was not the only day that Plaintiff and other class members could get "Up to 50% OFF" Mixbook's Products. To confirm, Plaintiff's counsel investigated Mixbook's advertising practices using the Internet Archive's Wayback Machine and a similar archiving website, arquivo.pt.[4] The investigation revealed that every month for over four years, from 2021 to at least August 2025 (the month before this Complaint was filed), Mixbook offered a materially similar sale of up to 50% off and sometimes more. In the handful of months where Mixbook did not explicitly offer up to 50% off, it offered a materially similar sale of up to 40% or 45% off plus an extra 10% off.

| Date[5] | Advertised Sale |
|---|---|
| 1/7/2021 | Up to 50% + An Extra 10% Off |
| 2/5/2021 | Enjoy up to 50% Off Everything |
| 3/15/2021 | Enjoy up to 55% off sitewide! |
| 4/18/2021 | Up to 50% Off + 10% Off |
| 5/29/2021 | Enjoy up to 50% Off Everything |
| 6/16/2021 | Up to 50% Off Everything! |
| 7/22/2021 | Up to 55% Off Everything! |
| 8/11/2021 | Up to 40% Off + 10% Off Everything! |
| 9/23/2021 | Enjoy up to 50% Off Everything |
| 10/15/2021 | Enjoy up to 50% Off Everything |
| 11/11/2021 | Enjoy up to 50% Off Everything! |
| 12/19/2021 | FREE Express Shipping on $79+ & Up to 50% Off |
| 1/21/2022 | Enjoy up to 50% Off Everything! |
| 2/4/2022 | Up to 50% off Everything |
| 3/10/2022 | Up to 55% off Everything |

[4] arquivo.pt is a Portugal-based internet archiving service. It captures the same Mixbook URL as the US-based Internet Archive (www.mixbook.com). Because arquivo.pt often captures different dates from the Internet Archive, it fills in archival gaps.

[5] Date refers to the date of the archive available on the Wayback Machine or arquivo.pt.



Dovel & Luner, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, CA 90401
(310) 656-7066

| Date[5] | Advertised Sale |
|---|---|
| 4/19/2022 | Up to 50% Off + An Extra 5% Off Everything |
| 5/27/2022 | Up to 50% Off + FREE Shipping on $49+ |
| 6/30/2022 | Up to 45% + 10% off everything |
| 7/8/2022 | Up to 50% Off Everything |
| 8/25/2022 | Up to 55% Off + $16 Deals |
| 9/22/2022 | Up to 50% Off + an Extra 10% Off |
| 10/22/2022 | Up to 45% + An Extra 10% Off Almost Everything |
| 11/5/2022 | Up To 50% Off Plus An Extra 10% Off + $5 Shipping |
| 12/2/2022 | Up To 55% Off |
| 1/19/2023 | Up To 50% Off Almost Everything + Half Off Standard Shipping |
| 2/14/2023 | Up to 40% off + An Extra 10% off Everything |
| 3/9/2023 | Up to 55% Off |
| 4/1/2023 | Up to 50% Off Almost Everything |
| 5/3/2023 | Up to 50% Off Almost Everything + Free Standard Shipping on $59+ |
| 6/6/2023 | Up to 50% Off + Half Off Shipping |
| 7/5/2023 | Up to 50% Off + Free Shipping on $59+ |
| 8/19/2023 | Up to 55% Off Almost Everything |
| 9/21/2023 | Up to 50% Off + An Extra 10% Off & Free Shipping on $59+ |
| 10/21/2023 | Up To 45% Off + 10% Off + Free Shipping on $59+ |
| 11/11/2023 | Up to 50% Off + An Extra 10% Off Signature Lay Flats |
| 12/2/2023 | Up to 55% Off + Free Shipping on $59 |
| 1/21/2024 | Up to 50% Off + Half Off Standard Shipping |
| 2/24/2024 | Up to 50% Off + Free Shipping on $59+ |
| 3/14/2024 | Up to 55% Off Almost Everything |
| 4/1/2024 | Up to 50% Off + An Extra 10% Off + Free Shipping* on $79+ |
| 5/3/2024 | Up to 55% Off + Free Standard Shipping on $59+ |
| 6/2/2024 | Up to 50% off Almost Everything |
| 7/1/2024 | Up to 50% Off Almost Everything |
| 8/17/2024 | Up to 55% Off |
| 9/3/2024 | Up to 50% Off + Free Shipping on $59+ |
| 10/22/2024 | Up to 50% Off |
| 11/9/2024 | Up to 50% Off + Free Shipping on $59+ |
| 12/9/2024 | Up to 55% off & free shipping on $59+ |
| 1/18/2025 | Up to 50% Off Almost Everything |
| 2/22/2025 | Up to 50% Off Almost Everything |
| 3/15/2025 | Up to 55% Off Almost Everything |
| 4/19/2025 | Up to 50% Off + An Extra 10% Off |
| 5/21/2025 | Up to 55% Off Almost Everything |
| 6/26/2025 | Up to 50% off + an extra 10% off |
| 7/18/2025 | Up to 55% off almost everything |
| 8/15/2025 | Up to 55% off + free shipping on $55+ |



Dovel & Luner, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, CA 90401
(310) 656-7066

27. Accordingly, the subject line of Defendant's email—"up to 50% OFF"—was false and misleading in two ways. First, the subject line's assertion that recipients would get up to "50%" off was false and misleading. Because, as shown above, Defendant's sales are always available, recipients of the email could not actually get 50% off of Defendant's regular prices. Instead, they could get a nominal discount off of fictious list prices at which Defendant's products are rarely if ever sold. Second, the duration of the sale as represented by the subject line was deceptive because recipients of the email could regularly and consistently get up to 50% off on Defendant's Products. As shown above, the ability to get up to 50% off did not end "TODAY"; it was regularly available even after "TODAY." The August 26, 2023 email was false, misleading, and violated CEMA.

28. In a second example, on August 27, 2023, Mixbook sent a commercial email to Plaintiff and other class members with a subject line that read, "Up to 45% OFF ends tomorrow!"




29. Based on the representations in the subject line, reasonable recipients of the August 27, 2023, email, including Plaintiff, believed that, if they purchased during the sale, they would receive this special discount off the regular and former prices of the Products. They also believed that Mixbook was offering a limited-time sale that was ending the next day, i.e., that after the next day (August 28, 2023), customers would no longer be able to receive "Up to 45% OFF." And they believed that, if they were to wait (in this case, if they were to wait beyond the next day), then the sale would be over and the Products' prices would return to their regular prices (the prices to which the "Up to 45% Off" is applied.)

30. But Mixbook's customers could get up to 45% off even after August 28. From September 1 through September 4, Mixbook again advertised "Up to 45% Off Almost Everything":




31. In fact, as shown above, discounts of up to 45% (or more) on everything or almost everything are always available on Defendant's website, and have been for years.



Dovel & Luner, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, CA 90401
(310) 656-7066

32. Accordingly, the subject line of Defendant's email—"Up to 45% OFF ends tomorrow!"—was false and misleading in two ways. Recipients of this email could not actually get a real 45% off of Defendant's regular prices. Instead, as with the first example, they could only get a nominal discount off of fictitious prices at which Defendant's products are rarely if ever sold. And—like in the first example—Plaintiff's and class members' chance to receive a nominal discount of 45% off of Defendant's made up list prices did not "end[] tomorrow." As shown above, that same discount continued to be available in early September, and many, many times since. The August 27, 2023 email was false, misleading, and violated CEMA.

33. Mixbook sent many similar false and/or misleading emails to Plaintiff and class members. For example, on September 6, 2023, Mixbook sent Plaintiff and other class members an email with the subject line "LAST CHANCE: 50% OFF your next order"; on December 29, 2023 Mixbook again sent Plaintiff an email with the subject line "TODAY ONLY: 50% off your order"; and on July 28, 2024 Mixbook sent Plaintiff an email with the subject line "Just For You: 50% OFF". Because the discounts were not actually discounts off the regular prices and because the discounts were not available "today only" and did not represent the "last chance" to get the discount, these emails were false, misleading, and violated CEMA.

34. Defendant sent at least the following emails with false and misleading subject lines to Plaintiff and putative class members:

| Email Date | Subject Line |
|---|---|
| 21-Mar-21 | Celebrate your memories with up to 50% off |
| 23-Mar-21 | Celebrate your memories with up to 50% off |
| 25-Mar-21 | You'll love this: up to 50% + 10% off |
| 27-May-21 | 4 thoughtful gifts he'll love + up to 50% off |
| 1-Jun-21 | Relive your weekend memories with 40-50% off |
| 7-Jun-21 | We really miss you \| Open now for a 50% off gift |
| 15-Jun-21 | Inspiration from creators like you + 50% off |
| 17-Jun-21 | 3 Ways to Refresh Your Space for Summer + 50% Off |
| 20-Jun-21 | Photo books to celebrate summer + 50% Off |
| 6-Jul-21 | Tuesday treat: 50% off square books + more! |
| 10-Jul-21 | As a special thanks: a golden ticket for you |
| 5-Sep-21 | Haven't seen you in awhile. Enjoy up to 55% off your next order! |



Dovel & Luner, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, CA 90401
(310) 656-7066

| | |
|---|---|
| 12-Sep-21 | Mystery Flash Sale! |
| 28-Sep-21 | Last Chance for our Friends & Family Sale! |
| 28-Nov-21 | Last chance at Black Fri-YAY! |
| 1-Dec-21 | Final chance at Cyber Monday! |
| 2-Dec-21 | Exclusive daily deals are here! |
| 26-Aug-23 | TODAY ONLY: Up to 50% OFF |
| 27-Aug-23 | Up to 45% OFF ends tomorrow! |
| 6-Sep-23 | LAST CHANCE: 50% OFF your next order |
| 12-Sep-23 | Wish You Were Here! Save 50% OFF extra pages |
| 17-Sep-23 | Ends soon! Up to 45% OFF 🎉 |
| 20-Sep-23 | First Dibs: FREE shipping & Up to 50% OFF + 10% OFF |
| 23-Sep-23 | MYSTERY FLASH SALE |
| 24-Sep-23 | This sale ends TOMORROW! ✨ |
| 25-Sep-23 | LAST CHANCE: Friends & Family Sale ends at MIDNIGHT! |
| 5-Oct-23 | Up to 40% OFF gifts for teacher's 🍎 |
| 10-Dec-23 | Ends Tonight: 55% Off + FREE Shipping (No Min) |
| 11-Dec-23 | Today Only: 55% Off Additional Pages |
| 12-Dec-23 | FLASH SALE! 40-50% Off + FREE Shipping (No Min) |
| 13-Dec-23 | Just 2 More Days to Save 40-50% (Plus Free Shipping - no minimum!) |
| 14-Dec-23 | LAST CHANCE for 40-50% Off + FREE Shipping (No Min!) |
| 15-Dec-23 | Last-Minute Deals: 55% Off Almost Everything Starts Now! |
| 16-Dec-23 | One Day Left! Get 55% Off Almost Everything + FREE Shipping |
| 16-Dec-23 | Time's Running Out on 55% Off Almost Everything! |
| 17-Dec-23 | 55% Off Almost Everything + Free Shipping Ends Soon |
| 17-Dec-23 | Last Call for Last-Minute Deals (And Standard Shipping) |
| 18-Dec-23 | Choose Your Deal! It's Now or Never. |
| 18-Dec-23 | One Last Day to Choose Your Deal! |
| 22-Dec-23 | Joe, your early access to 50% off is HERE! |
| 23-Dec-23 | 50% Off Almost Everything + FREE Shipping on $59+ |
| 28-Dec-23 | 50% Off Photo Calendars & More |
| 29-Dec-23 | TODAY ONLY: 50% off your order |
| 13-Jun-24 | Surprise, Joe! Enjoy this special deal on your next order. |
| 27-Jun-24 | Joe, something just for you... |
| 30-Jun-24 | MYSTERY SALE |
| 2-Jul-24 | MYSTERY SALE ENDS SOON ✨ |
| 12-Jul-24 | Joe, last chance to get your reward! |
| 19-Jul-24 | Give 40% off, Get 40% off + Free Shipping |
| 28-Jul-24 | Just For You: 50% OFF |
| 2-Aug-24 | Reminder for Joe: ⚡ MYSTERY SALE ⚡ |

| | |
|---|---|
| 10-Nov-24 | Last chance to get 50% off almost everything! |
| 24-Apr-25 | Half off extra pages or up to 45% off |
| 13-Aug-25 | BIRTHDAY SALE 🎁 Joe, here's your early access to deals |

35. Mixbook knows, or has reason to know, that it sends its emails containing false and misleading subject lines to Washington residents. Mixbook knows where recipients of its emails reside because (i) Mixbook has physical addresses associated with recipients' accounts or orders; and (ii) Mixbook has access to data regarding the recipient including the recipient's state of residence, such as geocoordinate and IP address tracking in Mixbook's promotional emails.

36. Mixbook also knows what sales it is offering and knows that, in truth, it almost always offers sales and its sales are not truly ending soon.

37. Mixbook's commercial emails containing false and misleading information about its fake sales clog up inboxes with spam email, waste limited data space, and violate Plaintiff's and putative class members' statutory right to be free from deceptive commercial emails.

38. Plaintiff was not, and putative class members are not, aware that Mixbook's email subject lines are false and misleading. Reasonable consumers are not monitoring Mixbook's website and tracking its discounts every day for months or years to determine whether or not the sales are real, and whether or not the email subject lines promoting those sales are true.

**C. No adequate remedy at law.**

39. Plaintiff seeks an injunction. Plaintiff is permitted to seek an injunction because he has no adequate remedy at law. Legal remedies here are not adequate because they would not stop Mixbook from continuing to transmit emails with false or misleading subject lines to Washington residents.

40. CEMA gives Plaintiff a clear right not to receive commercial emails that have false or misleading subject lines and Plaintiff does not want to receive such emails. Mixbook has sent emails to Plaintiff for years so he has a well-grounded fear that Mixbook will continue to violate his right to be free of such commercial emails.

41. Mixbook's sending of false and misleading commercial emails also results in actual and substantial injury to Plaintiff. First, it violates his statutory right not to receive commercial emails that

contain false or misleading subject lines, which the legislature has deemed to be a "matter[] vitally affecting the public interest." RCW 19.190.030. Violation of a right that vitally affects the public interest results in actual and substantial harm to Plaintiff and putative class members. Second, as described above, these deceptive promotions also cause harm by clogging up Plaintiff's inbox, wasting email storage space, and creating a false sense of urgency to purchase Defendant's products. So, while Plaintiff would like to receive truthful information from Mixbook, he does not want to receive emails with false and misleading subject lines. Due to Mixbook's conduct, Plaintiff cannot tell which emails from Mixbook contain truthful information and which emails are spam with false and misleading information designed to spur him into making a purchase. Without a court order requiring Mixbook to send only honest emails about its sales, he cannot rely on the emails he receives thereby causing actual and substantial injury.

## V. Class action allegations.

42. Plaintiff brings the asserted claims on behalf of the proposed class of:

- all Washington residents who received promotional emails from Mixbook with subject lines advertising sales or discounts on Mixbook Products.

43. The following people are excluded from the proposed class: (1) any Judge or Magistrate Judge presiding over this action and the members of their family; (2) Defendant, Defendant's subsidiaries, parents, successors, predecessors, and any entity in which the Defendant or its parents have a controlling interest and their current employees, officers and directors; (3) persons who properly execute and file a timely request for exclusion from the class; (4) persons whose claims in this matter have been finally adjudicated on the merits or otherwise released; (5) Plaintiff's counsel and Defendant's counsel, and their experts and consultants; and (6) the legal representatives, successors, and assigns of any such excluded persons.

### *Numerosity*

44. The proposed class contains members so numerous that separate joinder of each member of the class is impractical. There are at least thousands of Class members in Washington.

45. Class members can be identified through Mixbook's electronic mailing lists.



Dovel & Luner, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, CA 90401
(310) 656-7066

*Existence of Common Questions*

46. There are questions of law and fact common to the proposed class. Common questions of law and fact include, without limitation:

(1) whether Defendant's email subject lines regarding its purported discounts are false or misleading;

(2) whether Defendant's email subject lines violate CEMA;

(3) whether Defendant's email subject lines violate the CPA;

(4) the greater of actual damages or statutory damages due to Plaintiff and the proposed Class.

*Typicality & Adequacy*

47. Like members of the proposed Class, Plaintiff received emails from Mixbook that contain false or misleading subject lines regarding Mixbook's discounts.

48. There are no conflicts of interest between Plaintiff and the Class.

*Superiority*

49. A class action is superior to all other available methods for the fair and efficient adjudication of this litigation because individual litigation of each claim is impractical. It would be unduly burdensome to have individual litigation of thousands of individual claims in separate lawsuits, every one of which would present the issues presented in this lawsuit.

**VI. Claims.**

**Count 1: Violations of Washington's Commercial Electronic Mail Act**

**(By Plaintiff and the Class)**

50. Plaintiff incorporates each and every factual allegation set forth above and below.

51. Plaintiff brings this cause of action on behalf of himself and members of the Class.

52. CEMA prohibits the sending of a commercial email that "[c]ontains false or misleading information in the subject line." RCW 19.190.020. Advertising fake discounts in the subject line of a promotional email, with fake time pressure, violates CEMA. *Brown v. Old Navy LLC*, 567 P.3d 38 (Wash. 2025).

53. Mixbook is a "person" under CEMA. RCW 19.190.010(11).



Dovel & Luner, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, CA 90401
(310) 656-7066

54. As alleged more fully above, Mixbook violated CEMA by initiating the transmission of commercial electronic mail messages that contained false or misleading information in the subject line to Plaintiff's and Class members' electronic mail addresses.

55. Mixbook's email subject lines stating the purported discount recipients will receive if recipients purchase during the sale are false and misleading because, as discussed above, consumers do not truly receive the discounts Mixbook advertises. Instead, because substantial discounts are almost always available, the purported discounts are illusory.

56. Mixbook's email subject lines stating the supposed duration of its sales are false and misleading because, as discussed above, Mixbook's sales are almost always available.

57. Mixbook sent these emails to Plaintiff and Class members for the purpose of promoting Mixbook's Products for sale.

58. As a result, these promotional emails contain false or misleading information in the subject line, in violation of CEMA

59. Mixbook knew or had reason to know that it transmitted such emails to email addresses held by Washington residents, including Plaintiff.

60. Based on the emails Mixbook sent to Plaintiff, Mixbook has sent at least thousands of emails to Washington recipients, with similar false or misleading subject lines.

61. Mixbook's acts and omissions violated RCW 19.190.020(1)(b).

62. Mixbook's acts and omissions injured Plaintiff and Class members.

63. The balance of equities favors the entry of permanent injunctive relief against Mixbook. Plaintiff, the members of the Class, and the general public will be irreparably harmed absent the entry of permanent injunctive relief against Mixbook. A permanent injunction against Mixbook is in the public interest. Mixbook's unlawful behavior is ongoing as of the date of the filing of this pleading, so without the entry of a permanent injunction, Mixbook's unlawful behavior will not cease and, in the unlikely event that it voluntarily ceases, is likely to reoccur.

64. Plaintiff and Class members are therefore entitled to injunctive relief in the form of an order enjoining further violations of RCW 19.190.020(1)(b).



Dovel & Luner, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, CA 90401
(310) 656-7066

**Count 2: Violations of the Washington Consumer Protection Act via misleading emails**

**(By Plaintiff and the Class)**

65. Plaintiff incorporates each and every factual allegation set forth above and below.

66. Plaintiff brings this cause of action on behalf of himself and members of the Class.

67. Plaintiff and Class members are "persons" within the meaning of the CPA. RCW 19.86.010(1).

68. As alleged above, Mixbook violated CEMA by initiating the transmission of commercial electronic mail messages to Plaintiff and Class members that contained false or misleading information in the subject line.

69. A violation of CEMA is a per se violation of the CPA. RCW 19.190.030(1).

70. A violation of CEMA establishes all elements of the CPA as a matter of law.

71. As alleged more fully above, Mixbook's transmission of commercial electronic messages to Plaintiff and Class members that contained false or misleading information in the subject line also violates the CPA because it constitutes unfair or deceptive practices that occur in trade or commerce.

***Unfair Acts or Practices***

72. As alleged in detail above, Mixbook committed "unfair" acts by falsely stating in email subject lines that it was offering a discount off the regular prices of its Products, and that customers could receive that discount only by purchasing during the sale period, when none of this was true.

73. The harm to Plaintiff and the Class greatly outweighs the public utility of Mixbook's conduct. There is no public utility to misrepresenting whether Mixbook's Products are discounted and misrepresenting the duration of its sales. Plaintiff and the Class's injuries were not outweighed by any countervailing benefits to consumers or competition. Misleading consumers only injures healthy competition and harms consumers.

***Deceptive Acts or Practices***

74. As alleged in detail above, Mixbook's representations in email subject lines regarding the amount of discount that an email recipient could receive and the duration of the supposed sale was deceptive.



Dovel & Luner, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, CA 90401
(310) 656-7066

75. Mixbook's representations were likely to deceive, and did deceive, Plaintiff and other reasonable recipients. Mixbook knew, or should have known through the exercise of reasonable care, that these statements were inaccurate and misleading.

76. Mixbook's unfair or deceptive acts or practices vitally affect the public interest and thus impact the public interest for purposes of applying the CPA. RCW 19.190.030(3); RCW 19.190.100.

77. Mixbook's acts and omissions caused injury to Plaintiff and Class members. In addition, violations of CEMA establish the injury and causation elements of a CPA claim as a matter of law.

78. Under the CPA, "[p]rivate rights of action may … be maintained for recovery of actual damages, costs, and a reasonable attorney's fee. A private plaintiff may be eligible for treble damages," and "may obtain injunctive relief, even if the injunction would not directly affect the individual's own rights." Washington Pattern Jury Instruction Civil No. 310.00 (Consumer Protection Act—Introduction) (internal citations omitted); RCW 19.86.090.

79. Under the CPA, Plaintiff and Class members are entitled to, and seek, the greater of actual damages and statutory damages of $500 per email that violates CEMA. In addition, Plaintiff and Class members seek treble damages, which are permitted under the CPA, including for CEMA violations. Plaintiff seeks treble damages to further Plaintiff's and Class members' financial rehabilitation, encourage citizens to bring CPA actions, deter Mixbook and other persons from committing CEMA violations, and punish Mixbook for its false and misleading advertising practices.

80. Plaintiff and Class members are also entitled to, and seek, injunctive relief prohibiting Mixbook's further violations of the CPA.

## VII. Jury Demand.

81. Plaintiff demands the right to a jury trial on all claims so triable.

## VIII. Prayer for Relief.

82. Plaintiff seeks the following relief for himself and the proposed class:

- An order certifying the asserted claims, or issues raised, as a class action;
- A judgment in favor of Plaintiff and the proposed class;



Dovel & Luner, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, CA 90401
(310) 656-7066

- The greater of actual or statutory damages, treble damages, and punitive damages where applicable;
- Pre- and post-judgment interest;
- An injunction prohibiting Mixbook's deceptive conduct, as allowed by law;
- Reasonable attorneys' fees and costs, as allowed by law;
- Any additional relief that the Court deems reasonable and just.

Dated: September 16, 2025

Respectfully submitted,

By: */s/ Cody Hoesly*

Cody Hoesly (WA Bar No. 41190)
choesly@bargsinger.com
BARG SINGER HOESLY PC
121 SW Morrison St., Ste. 600
Portland, OR 97204
Ph. (503) 241-3311

Jonas B. Jacobson (WA Bar No. 62890)
jonas@dovel.com
Vivek Kothari (OR Bar No. 182089)*
vivek@dovel.com
DOVEL & LUNER, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, California 90401
Telephone: (310) 656-7066
Facsimile: +1 (310) 656-7069

*Counsel for Plaintiff*

**Pro Hac Vice* applications forthcoming

FILED
2025 SEP 16 02:45 PM
KING COUNTY
SUPERIOR COURT CLERK
E-FILED
CASE #: 25-2-26946-9 SEA

**IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON**
**FOR THE COUNTY OF KING**

| | |
|---|---|
| KELLEY<br><br>VS<br><br>INTERACTIVE MEMORIES, INC. D/B/A MIXBOOK | No. 25-2-26946-9 SEA<br><br>**CASE INFORMATION COVER SHEET AND AREA DESIGNATION**<br><br>(CICS) |

**CAUSE OF ACTION**

CPA - Consumer Protection Act

**AREA OF DESIGNATION**

SEA Defined as all King County north of Interstate 90 and including all of Interstate 90 right of way, all of the cities of Seattle, Mercer Island, Issaquah, and North Bend, and all of Vashon and Maury Islands.

FILED
2025 SEP 16 02:45 PM
KING COUNTY
SUPERIOR COURT CLERK
E-FILED
CASE #: 25-2-26946-9 SEA

**IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON**
**FOR THE COUNTY OF KING**

| | |
|---|---|
| JOSEPH KELLEY<br><br>Plaintiff(s)<br>vs<br><br>INTERACTIVE MEMORIES, INC. D/B/A MIXBOOK<br><br>Defendant(s) | No. 25-2-26946-9 SEA<br><br>**ORDER SETTING CIVIL CASE SCHEDULE**<br><br>**ASSIGNED JUDGE: Sandra E Widlan, Dept. 53**<br><br>FILED DATE: 09/16/2025<br>TRIAL DATE:09/21/2026 |

A civil case has been filed in the King County Superior Court and will be managed by the Case Schedule on Page 3 as ordered by the King County Superior Court Presiding Judge.

## I. NOTICES

**NOTICE TO PLAINTIFF:**
The Plaintiff may serve a copy of this **Order Setting Case Schedule (*Schedule*)** on the Defendant(s) along with the ***Summons and Complaint/Petition***. Otherwise, the Plaintiff shall serve the *Schedule* on the Defendant(s) within 10 days after the later of: (1) the filing of the ***Summons and Complaint/Petition*** or (2) service of the Defendant's first response to the ***Complaint/Petition***, whether that response is a ***Notice of Appearance***, a response, or a Civil Rule 12 (CR 12) motion. The ***Schedule*** may be served by regular mail, with proof of mailing to be filed promptly in the form required by Civil Rule 5 (CR 5).

**NOTICE TO ALL PARTIES:**
All attorneys and parties should make themselves familiar with the King County Local Rules [*KCLCR*] -- especially those referred to in this ***Schedule***. In order to comply with the ***Schedule***, it will be necessary for attorneys and parties to pursue their cases vigorously from the day the case is filed. For example, discovery must be undertaken promptly in order to comply with the deadlines for joining additional parties, claims, and defenses, for disclosing possible witnesses [*See KCLCR 26*], and for meeting the discovery cutoff date [*See KCLCR 37(g)*].

**You are required to give a copy of these documents to all parties in this case.**

## I. NOTICES (continued)

**CROSSCLAIMS, COUNTERCLAIMS AND THIRD-PARTY COMPLAINTS:**
A statuary filing fee must be paid when any answer that includes additional claims is filed in an existing case.

**KCLCR 4.2(a)(2)**
A Confirmation of Joinder, Claims and Defenses or a Statement of Arbitrability must be filed by the deadline in the schedule. The court will review the confirmation of joinder document to determine if a hearing is required. If a Show Cause order is issued, all parties cited in the order must appear before their Chief Civil Judge.

**PENDING DUE DATES CANCELED BY FILING PAPERS THAT RESOLVE THE CASE:**
When a final decree, judgment, or order of dismissal of all parties and claims is filed with the Superior Court Clerk's Office, and a courtesy copy delivered to the assigned judge, all pending due dates in this *Schedule* are automatically canceled, including the scheduled Trial Date. It is the responsibility of the parties to 1) file such dispositive documents within 45 days of the resolution of the case, and 2) strike any pending motions by notifying the bailiff to the assigned judge.

Parties may also authorize the Superior Court to strike all pending due dates and the Trial Date by filing a *Notice of Settlement* pursuant to KCLCR 41, and forwarding a courtesy copy to the assigned judge. If a final decree, judgment or order of dismissal of all parties and claims is not filed by 45 days after a *Notice of Settlement*, the case may be dismissed with notice.

**If you miss your scheduled Trial Date**, the Superior Court Clerk is authorized by KCLCR 41(b)(2)(A) to present an *Order of Dismissal*, without notice, for failure to appear at the scheduled Trial Date.

**NOTICES OF APPEARANCE OR WITHDRAWAL AND ADDRESS CHANGES:**
*All parties to this action must keep the court informed of their addresses.* When a Notice of Appearance/Withdrawal or Notice of Change of Address is filed with the Superior Court Clerk's Office, parties must provide the assigned judge with a courtesy copy.

**ARBITRATION FILING AND TRIAL DE NOVO POST ARBITRATION FEE:**
A Statement of Arbitrability must be filed by the deadline on the schedule **if the case is subject to mandatory arbitration** and service of the original complaint and all answers to claims, counterclaims and crossclaims have been filed. If mandatory arbitration is required after the deadline, parties must obtain an order from the assigned judge transferring the case to arbitration. **Any party filing a Statement must pay a statutory arbitration fee.** If a party seeks a trial de novo when an arbitration award is appealed, a statutory fee must be paid and the request for trial de novo must be filed with the Clerk's Office Cashiers.

**NOTICE OF NON-COMPLIANCE FEES:**
**All** parties will be assessed a fee authorized by King County Code 4A.630.020 whenever the Superior Court Clerk must send notice of non-compliance of schedule requirements and/or Local Civil Rule 41.

**King County Local Rules are available for viewing at www.kingcounty.gov/courts/clerk.**

## II. CASE SCHEDULE

| * | CASE EVENT | EVENT DATE |
|---|---|---|
| | Case Filed and Schedule Issued. | 09/16/2025 |
| * | Last Day for Filing Statement of Arbitrability without a Showing of Good Cause for Late Filing [*See KCLMAR 2.1(a) and Notices on Page 2*]. **$250 arbitration fee must be paid** | 02/24/2026 |
| * | **DEADLINE** to file Confirmation of Joinder if not subject to Arbitration [*See KCLCR 4.2(a) and Notices on Page 2*]. | 02/24/2026 |
| | **DEADLINE** for Hearing Motions to Change Case Assignment Area [*KCLCR 82(e)*]. | 03/10/2026 |
| | **DEADLINE** for Disclosure of Possible Primary Witnesses [*See KCLCR 26(k)*]. | 04/20/2026 |
| | **DEADLINE** for Disclosure of Possible Additional Witnesses [*See KCLCR 26(k)*]. | 06/01/2026 |
| | **DEADLINE** for Jury Demand [*See KCLCR 38(b)(2)*]. | 06/15/2026 |
| | **DEADLINE** for a Change in Trial Date [*See KCLCR 40(e)(2)*]. | 06/15/2026 |
| | **DEADLINE** for Discovery Cutoff [*See KCLCR 37(g)*]. | 08/03/2026 |
| | **DEADLINE** for Engaging in Alternative Dispute Resolution [*See KCLCR 16(b)*]. | 08/24/2026 |
| | **DEADLINE**: Exchange Witness & Exhibit Lists & Documentary Exhibits [*KCLCR 4(j)*]. | 08/31/2026 |
| * | **DEADLINE** to file Joint Confirmation of Trial Readiness [*See KCLCR 16(a)(1)*] | 08/31/2026 |
| | **DEADLINE** for Hearing Dispositive Pretrial Motions [*See KCLCR 56; CR 56*]. | 09/08/2026 |
| * | Joint Statement of Evidence [*See KCLCR 4 (k)*] | 09/14/2026 |
| | **DEADLINE** for filing Trial Briefs, Proposed Findings of Fact and Conclusions of Law and Jury Instructions (Do not file proposed Findings of Fact and Conclusions of Law with the Clerk) | 09/14/2026 |
| | Trial Date [*See KCLCR 40*]. | 09/21/2026 |

*The * indicates a document that must be filed with the Superior Court Clerk's Office by the date shown.*

## III. ORDER

Pursuant to King County Local Rule 4 [*KCLCR 4*], IT IS ORDERED that the parties shall comply with the schedule listed above. Penalties, including but not limited to sanctions set forth in Local Rule 4(g) and Rule 37 of the Superior Court Civil Rules, may be imposed for non-compliance. It is FURTHER ORDERED that the party filing this action **must** serve this *Order Setting Civil Case Schedule* and attachment on all other parties.

DATED: 09/16/2025

[signature]

PRESIDING JUDGE

# CERTIFICATE OF SERVICE

I hereby certify that the foregoing **NOTICE OF REMOVAL** was served on:

Cody Hoesly
choesly@bargsinger.com
BARG SINGER HOESLY PC
121 SW Morrison St., Suite 600
Portland, OR 97204

Jonas B. Jacobson
jonas@dovel.com
Vivek Kothari
vivek@dovel.com
DOVEL & LUNER, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, CA 90401

*Attorneys for Plaintiff*

by the following indicated method(s):

[✔] by notice of **ELECTRONIC FILING** by using the Odyssey File & Serve at the party's email address as recorded on the date of service in the eFiling system (UTCR 21.100(4)), if applicable.

[ ] by causing a full, true and correct copy thereof by **ELECTRONIC MEANS** to the party, at the party's last known email address listed above on the date set forth below.

Dated: October 17, 2025

CABLE HUSTON LLP

By: *s/* Román D. Hernández
Román D. Hernández (WSBA 39939)
rhernandez@cablehuston.com
1455 SW Broadway, Suite 1500
Portland, OR 97201-3412
Tel: 503-224-3092
Fax: 503-224-3176

*Attorneys for Interactive Memories, Inc.*